■ AGNES C. RYAN, Appellant, v. THOMAS I. DWYER, Respondent.— Judgment unanimously reversed on the law and facts and new trial granted, with costs to appellant to abide the event. Memorandum: Plaintiff sought to recover damages as the result of a collision between a vehicle operated by her and another car owned and operated by defendant. Plaintiff called as a witness a passenger in her automobile. On cross-examination testimony was elicited that the witness had settled her claim against plaintiff arising from the same accident. Such testimony was properly received for the purpose of proving a fact from which an inference of interest or bias might be drawn by the jury which would reflect on her credibility (*Geddes* v. *Red Star Express Lines,* 30 A D 2d 761; see, also, *Gilliam* v. *Lee,* 32 A D 2d 1058.) The trial court erred, however, in refusing to permit plaintiff to prove that the witness had similarly settled her

claim, arising out of the same accident, against defendant. This ruling violated the fundamental evidentiary rule that where a witness has been attacked on the ground of his interest or bias, the party calling him is entitled to prove any fact which tends to show the absence of such interest or bias. (98 C. J. S., Witnesses, §§ 564, 571; 3 Wigmore, Evidence [3d ed.], § 953.) The court further erred in foreclosing plaintiff from seeking testimony on redirect examination of the same witness that might have been explanatory of statements made by her in a bill of particulars concerning which she had been extensively questioned on cross-examination. While a party may introduce certain prior inconsistent statements made by a witness for impeachment purposes as bearing upon credibility (CPLR 4514) it is equally well established " that the witness or the party for whom he was sworn may produce evidence in denial or explanation of the impeaching statements." (*Larkin* v. *Nassau Elec. R. R. Co.*, 205 N. Y. 267, 270–271.) (Appeal from judgment of Onondaga Trial Term dismissing complaint in automobile negligence action. Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Bastow, JJ.