537 P.2d 25

**The STATE of Arizona, Appellee,**

v.

**Adolphus LEWIS, Appellant.**

**No. 2909–2.**

Supreme Court of Arizona,
In Banc.

June 20, 1975.

N. Warner Lee, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen. by Galen H. Wilkes, Asst. Atty. Gen., Phoenix, for appellee.

Derickson & Kemper by James Hamilton Kemper, Phoenix, for appellant.

CAMERON, Chief Justice.

This is an appeal from a verdict and judgment of guilt to the crime of first degree murder, A.R.S. §§ 13–451, 452, and 453, and a sentence thereon of from 25 years to life in the Arizona State Prison.

We must answer two questions on appeal:

1. Were the speedy trial requirements of the Rules of Criminal Procedure 1973 violated?

2. Was defendant properly impeached by a prior felony conviction which was at the time on appeal?

The facts necessary for a determination of this matter on appeal are as follows. Defendant was originally charged with robbery and murder. He was tried and convicted of robbery, but a mistrial was declared as to the murder charges. For a more factual background of the events leading up to the first trial the reader is directed to the case of State v. Lewis, 111 Ariz. 115, 523 P.2d 1316 (1974). After the mistrial, the defendant was tried again and from his conviction, judgment of guilt and sentence he appeals.

## SPEEDY TRIAL

After the mistrial on 10 January 1974, defendant indicated dissatisfaction with his trial attorney and his trial attorney later filed a request to withdraw as counsel. The record does not indicate the exact time the decision was made to change attorney, but the record does contain a reporter's transcript of the hearing of 19 March 1974 at which time prior counsel was relieved and new counsel appointed. The record shows that new counsel proceeded diligently to represent defendant with a motion the next day, 20 March 1974, for a transcript of the previous trial, followed by motions to dismiss, employment of an investigator at State expense, release on own recognizance, to compel disclosure by the State, intention to plead not guilty by reason of insanity, to sup-

press, for taking depositions, for unstipulated polygraph examination, and on 12 April a motion to have defendant's mental condition examined pursuant to Rule 11 of the Rules of Criminal Procedure 1973.

Defendant Lewis contends that his right to speedy trial pursuant to Rule 8 of the Rules of Criminal Procedure 1973 was denied in that he was not tried until 26 June, some 167 days after the mistrial was declared in this case. Rule 8.2(d) of the Rules of Criminal Procedure 1973 states:

"d. *New Trial.* A trial ordered after a mistrial, upon a motion for a new trial, or upon the reversal of a judgment by an Appellate Court shall commence within 60 days of the entry of the order of the court or service of the mandate of the Appellate Court."

The Note to Rule 8.2(d) states:

"Since the demands of trial preparation will generally be minimal in such cases, section (c) establishes a 60-day limit for new trials taking place after a mistrial, a successful motion for a new trial, or an appellate court reversal."

Rule 8.4(a), under "Excluded Periods," excludes from computation of the time limits the following:

"a. Delays occasioned by or on behalf of the defendant, including, but not limited to, delays caused by an examination and hearing to determine competency, the defendant's absence or incompetence, or his inability to be arrested or taken into custody in Arizona."

■ It was not until 19 March 1974 that new counsel was appointed. Defendant's new counsel then proceeded to prepare for trial. Defendant's counsel was, on 19 March 1974, completely unfamiliar with the events which occurred at the 10 January mistrial in this case which he was assigned to defend, and it certainly would have been to defendant's detriment to have had to go to an immediate retrial. We believe, limited to the fact situation in this case, that the time from the dec-

laration of the mistrial to the date that the defendant finally was appointed substitute counsel should be considered an excluded period as a delay occasioned by or on behalf of the defendant.

■ On 12 April the defendant's new counsel indicated that he would enter a defense of insanity and moved to have defendant examined. An order was entered to have the defendant examined on the same day. It was not until 5 June 1974, after the reports of the examination were filed with the court by the psychiatrist, that the court was able to determine that the defendant was competent to stand trial. Under Rule 8.4(a) this is also an excluded time.

■ According to our computations then, excluding the time from 10 January to 19 March and from 12 April to 5 June, the trial date of 26 June was 45 included days from the date of the mistrial and we find no violation of our rules.

### PRIOR FELONY CONVICTION

On 28 June, during the murder trial, the prosecutor inquired of the accused:

"Q You ever been convicted of a felony?

"MR. REMENDER: Excuse me, Your Honor, may we approach the bench?

"A (By the Witness): I can't say.

"MR. REMENDER: Don't answer that."

■ The prior felony conviction referred to by the prosecutor was the conviction of robbery in the case which was on appeal at the time of the question. See State v. Lewis, supra, filed 24 June 1974. The question was asked on 28 June 1974 after the opinion had been published, but before the mandate was issued. We recently disposed of this question as follows:

"The prosecutor then may use a judgment on appeal for impeachment purposes. This is not a privilege which is without some risk, however. * * *

"We hold that while the prosecutor may use a prior felony conviction which is on appeal to impeach a defendant who takes the stand, the prosecutor does so at his own risk. If the prior felony conviction should be reversed on appeal and no new trial held, then the trial court has no other alternative but to grant a new trial." State v. Kiser, 111 Ariz. 316, 317, 529 P.2d 215, 216 (1974).

In the instant case the prior felony conviction was affirmed on appeal and no new trial is necessary. We find no error.

Judgment affirmed.

STRUCKMEYER, V. C. J., and LOCKWOOD and HAYS, JJ., concur.

HOLOHAN, J., did not participate in the determination of this matter.