Daniel Wayne **FELTS**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–75–501.

Court of Criminal Appeals of Oklahoma.

Feb. 3, 1976.

Pete Silva, Jr., Public Defender, Tulsa County, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Kenneth Lisle, Legal Intern, for appellee.

## OPINION

BLISS, Judge:

Appellant, Daniel Wayne Felts, hereinafter referred to as defendant, was charged, tried before a jury and convicted of the crime of Burglary in the Second Degree in the District Court, Tulsa County, Oklahoma, Case No. CRF–74–1678. Punishment was assessed at a term of five (5) years under the direction and control of the Department of Corrections of the State of Oklahoma. From a judgment and sentence in conformance with the verdict the defendant has perfected his timely appeal.

Briefly stated, the evidence adduced at trial is as follows: Courtney Egger testified that on the 4th day of July, 1974, the defendant called him and directed him to go to a convenience store in Tulsa. When he arrived, the defendant asked him if he knew of any houses that were not occupied as he needed bail money for a friend. Egger checked around and then called the defendant back telling him he could not find a place. The witness then testified that he picked up his date, Maureen Story, at approximately 7:00 on the evening of the 4th, as they had plans to go watch a fireworks display with the daughter of Murray McCune and her date. When they got to the

McCune home, no one was there and the gardener advised that the McCune family was out of town. Egger and Maureen then met the defendant and his two companions on a Tulsa street. At the request of the defendant Egger had Maureen drive his car back to his home and Egger got in the defendant's car and they proceeded to the McCune residence. When they arrived, the defendant backed his car into the driveway; Egger crawled into the house through a window and the defendant and his companions proceeded to burglarize the home. At the instruction of the defendant the witness acted as a lookout and carried some jewelry out of the home. The defendant and his companions left a blanket full of silver in the home which they evidently intended to retrieve later. At approximately 9:00 the defendant dropped the witness off at his home. The defendant subsequently called back and asked Egger to drive by the McCune home to see if the lights were still off. Egger did so and found the lights on and a car in the driveway. When the defendant called Egger back and discovered the situation, he expressed disgust since he wanted to return for the remaining silver.

Maureen Story testified that she had a date with Egger on the evening in question and that she and Egger were driving around when the defendant and two other men drove up, wanting to talk to Egger. Egger remained with the defendant and the witness drove Egger's car to his home. After waiting several hours, the witness left Egger's home to get some money from her house and on the way passed the McCune home. She testified that she saw a car backed into the driveway with its trunk lid up. She stated that it was the identical car which the defendant was driving when she last saw Egger.

The State then called Richard Neal who testified that on the day in question he was in charge of watching the McCune residence. He discovered the burglary about 9:45 p. m. He further testified that he

never gave anyone permission to enter or to remove the items from the McCune residence.

■ The defendant's first assignment of error contends that the trial court erred in refusing to allow the defendant to call the Tulsa County Court Clerk as a witness. The record reveals that the defense attempted to call Tulsa County Court Clerk Don Austin as a defense witness for the purpose of showing that a co-defendant who was charged with the defendant Felts was acquitted subsequent to a severance granted during the pendency of the instant trial. The trial court correctly refused to permit such testimony. Although no Oklahoma case directly in point is cited by either brief, it is the general rule that evidence of the acquittal of one jointly charged with the accused and tried separately is not admissible on behalf of accused as tending to establish that he also is innocent. See *Paine v. People*, 106 Colo. 258, 103 P.2d 686 (1940); *Tucker v. State*, Tex.Cr.App., 461 S.W.2d 630 (1970); and *Collins v. State*, Tex.Cr.App., 183 S.W.2d 177 (1944). See also 22A C.J.S. Criminal Law § 784. The defendant's first assignment of error is without merit.

■ The defendant's next assignment of error urges that the trial court erred in overruling the defendant's demurrer upon the ground that the State had failed adequately to corroborate the accomplice testimony of Courtney Egger.

In the recently reported case of *Fitzpatrick v. State*, 544 P.2d 525, 46 O.B.J. 2211 (1975), this Court held as follows:

"This Court notes prior decisions in which we have held that evidence corroborative of an accomplice need not directly connect the accused with the commission of the crime. It is sufficient, although circumstantial, if such evidence tends to connect him with its commission. The testimony of an accomplice to sustain a conviction need not be corroborated in every particular in detail. The

rule is that the testimony of an accomplice must be corroborated by such other evidence of material parts of his testimony as will tend to connect the defendant with the commission of the offense. Where the sufficiency of the evidence to corroborate an accomplice is challenged, this Court will take the strongest view of the corroborating testimony that such testimony will warrant, and, if it can say that there is corroborating evidence tending to connect the defendant with the commission of the offense, it will uphold the verdict. See *Blumhoff v. State,* 72 Okl.Cr. 339, 116 P.2d 212 (1941) and *Sanders v. State,* Okl.Cr., 341 P.2d 643 (1959)."

In the instant case it is our opinion that the testimony of Maureen Story was sufficient to corroborate the testimony of the accomplice Egger. Maureen Story placed the defendant in a car which she subsequently saw a few hours later backed into the driveway of the McCune home with its trunk open.

■ Where there is evidence in corroboration of an accomplice tending to connect the defendant with the commission of the crime charged, the sufficiency of such corroborating evidence is for the jury. *Smith v. State,* Okl.Cr., 368 P.2d 246. In the instant case the jury resolved the question against the defendant. The defendant's second assignment of error is without merit.

The defendant's last assignment of error argues that the accumulation of errors and irregularities in the trial when considered as a whole deprive the defendant of a fair and impartial trial. However, the defendant cites no further errors to accumulate and consider. An examination of the record reveals that the defendant received a fair and impartial trial and the defendant's last assignment is without merit. The judgment and sentence appealed from is *affirmed.*

BRETT, P. J., and BUSSEY, J., concur.