553 P.2d 1216

**STATE of Arizona, Appellee,**

v.

**Charles SUTTON, Appellant.**

**No. 1 CA-CR 1233.**

Court of Appeals of Arizona, Division 1, Department B.

Aug. 24, 1976.

**232**

Bruce E. Babbitt, Atty. Gen., by Teresa S. Thayer, Asst. Atty. Gen., Phoenix, for appellee.

Derickson, Kemper & Henze, by James Hamilton Kemper, Phoenix for appellant.

## OPINION

WREN, Judge.

The appellant, Charles Sutton, was found guilty of burglary, first degree, and sentenced to a term of not less than eight years nor more than fifteen years in the Arizona State Prison. He had waived trial by jury and submitted the issue of his guilt or innocence to the trial court based upon the preliminary hearing transcript and a polygraph examination. On appeal, he claims he was denied a speedy trial under the Arizona Rules of Criminal Procedure, and that the trial judge failed to comply with the requirements of *State v.*

*Crowley,* 111 Ariz. 308, 528 P.2d 834 (1974), for submission on preliminary hearing transcripts.

## SPEEDY TRIAL

Rule 8.2(c), Az.R.Crim.P., provides that a defendant who has been released from custody must be brought to trial either within 120 days of his initial appearance or within 90 days from his arraignment in the trial court, whichever is the lesser. Appellant, who was not in custody, made his initial appearance on March 10, 1974, and the 120 day period therefore expired on July 8, 1974. Furthermore, 90 days from appellant's last arraignment, July 2, 1974, an arraignment that followed several remands pursuant to Rule 5.5, Az.R.Crim.P., expired on September 30, 1974. The lesser of these two dates is July 8, 1974. Appellant was not brought to trial until December 16, 1974. Therefore, appellant's rights under Rule 8 were violated unless the 120 day period was enlarged by any appropriately excluded periods of time under Rule 8.4.

We find there are four separate such periods of time. They are:

1. Notice of change of judge filed by appellant;

2. Delays occasioned by remands to justice court pursuant to Rule 5.5;

3. Delays occasioned by a Rule 11, competency proceeding, and

4. Delay occasioned by consideration of a special action petition.

The parties do not dispute that the period from the filing of the notice of change of judge to the date of transference to another judge, totaling three days, was an appropriately excluded period.

Nor does appellant dispute the inclusion of the length of the delay occasioned by the two remands to justice court for a new determination of probable cause pursuant to Rule 5.5. He argues, however, that the excluded periods of time for the remands ran from the date of the superior court's order granting a remand to the date of the new finding of probable cause made by the justice court. On the other hand, the State argues that the more appropriate exclusion should run from the date of the filing of the motion for a new determination of probable cause to the date appellant was again arraigned on the resulting information following the new determination of probable cause. We note that the appellant's argument is supported by the recent Division Two case of *State v. Harris,* 25 Ariz.App. 76, 541 P.2d 402 (1975). That case, in discussing a speedy trial violation, considered the excludable period of time under 8.4(b) to have run from the date of the Superior Court order directing a remand to the date of an indictment was returned.

The State urges that *State v. Harris,* supra, fails to acknowledge the delays occasioned by the time-consuming but necessary procedures involved in dealing with a remand situation, and that the entire period of time should be considered as "resulting from a remand for new probable cause determination under Rules 5.5 . . . ." Rule 8.4(b).

We are persuaded by the State's argument. The Rules of Criminal Procedure set out a cohesive and structured time frame within which a motion for new determination of probable cause and subsequent filing of informations and arraignments are to occur. *See* Rules 5.5(d), 13.-1(c), 14.1(a), 35.1. These rules contemplate some delay in the consideration of the motion and in the proceedings when cases are transferred from Justice Court to Superior Court. We think the rules have attempted to achieve a balance between the orderly administration of cases in the court system with a defendant's right to a speedy trial. There are built-in sanctions for violation of the time limits for proceedings on remand. We therefore hold that appropriately excludable time limits under Rule 8.-4(b) run from the date of filing of a motion for new determination of probable cause to the date of arraignment on the resulting information or indictment. *See State ex rel. Berger v. Superior Court,* 111

Ariz. 335, 529 P.2d 686 (1974) (excludable time counted from the date motions are filed).

In the instant case, appellant's first motion for determination of probable cause was filed on April 11, 1974. He was arraigned on the resulting information May 8, 1974. The exact filing date of his second motion for a new determination of probable cause is not reflected in the record; however, a minute entry of the court, dated May 22, 1974, set this motion for oral argument. We, therefore, will assume for purposes of this appeal that the time period ran from May 22, 1974. The arraignment on this information was on July 2, 1974. A total of 68 days is thus excludable under Rule 8.4(b).

Next, the State argues that 110 days are excludable as the result of a Rule 11 hearing. Rule 8.4(a) does exclude "[d]elays occasioned by or on behalf of the defendant, including, but not limited to, delays caused by an examination and hearing to determine competency. . . ." The appellant argues, however, that a Rule 11 proceeding did not take place in this case. He points out that a competency determination was ordered in two other cases in which appellant was a defendant, but not this one. The competency hearing in those cases, however, had been ordered at appellant's request. Moreover, all the appellant's cases were being considered by Judge Harold D. Martin. Judge Martin properly ruled that the appellant's trial in this case would not proceed until the competency question, raised in the other two cases being considered by him, had been resolved.

■ A trial judge who has reasonable grounds to question a defendant's competency to stand trial may properly invoke, sua sponte, a procedure to determine whether he understands the nature of charges pending against him and can assist in his own defense. *State v. Bradley*, 102 Ariz. 482, 433 P.2d 273 (1967). *See Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); *Tillery v. Eyman*, 492 F.2d 1056 (9th Cir. 1974). Furthermore, Rule 11.1, Ariz.R.Crim.P., states that no criminal defendant shall be tried while he is unable to understand the proceedings against him.

■ The delay occasioned by the competency ruling in the other cases in which appellant was a defendant is a properly excluded period of time in this case. While the State argues that the excludable period of time ran from August 28, 1974 to the date of trial, we think that the record supports an exclusion dating from September 30, 1974 to the date the trial court made a finding of competency, November 29, 1974. *See State v. Ceja*, 113 Ariz. 39, 546 P.2d 6 (1976); *State v. Landrum*, 112 Ariz. 555, 544 P.2d 664 (1976). A total of sixty days is thus excludable under Rule 8.4(a).

■ Finally, a special action petition was filed on behalf of the appellant on August 30 and was subsequently denied by this Court on September 27, 1974. While not noted by either of the parties, the period involved in the filing and resolution of a special action petition is an appropriately excludable period of time under Rule 8.4. *See State v. Wright*, 112 Ariz. 446, 543 P.2d 434 (1975); *State v. Brown*, 112 Ariz. 401, 542 P.2d 1100 (1975). This involves a total of 28 days.

■ The total excludable days under Rule 8.4 totalled 159: 68 days, determination of probable cause motions; 3 days, change of judge; 60 days, Rule 11 determination; 28 days, special action petition. The 159 days must be deducted from the total time from the initial appearance, March 10, 1974, to the date of trial, December 16, 1974—281 days. Appellant was therefore brought to trial on the 122nd day after his arraignment. However, December 16, 1974 was a Monday and the 120th day fell on a Saturday making December 16 the first available court day to try the appellant. We hold that appellant was timely tried according to Rule 8.2(c).

## SUBMISSION ON THE PRELIMINARY HEARING TRANSCRIPT

■ Appellant's trial began on December 16, 1974. Both the County Attorney and the appellant's counsel made opening statements. The trial then ensued with a reading from the preliminary hearing transcript of the testimony of the burglary victim who had died prior to the trial. After a lengthy reading of the transcript in front of the jury, the appellant waived a jury trial and submitted the case for a determination of guilt or innocence to the trial court based on the preliminary hearing transcript and a polygraph examination.

Appellant argues that the submission was not in accordance with the requirements set out in *State v. Crowley*, supra. The Supreme Court, in *State v. Crowley*, supra, faced with a defendant who had also submitted the issue of guilt based upon the preliminary hearing record, stated:

"The trial court must determine, and the record must reflect, that the defendant understood the significance and consequences of submitting the case on the basis of the preliminary hearing transcript. It must affirmatively appear in the record that the defendant knew that he was giving up the right to trial by jury, to testify in his own behalf, to call any witnesses, or to offer any further evidence. The record must reflect that the defendant understood that the whole issue of his guilt or innocence of the offense charged was to be made upon the preliminary hearing transcript." 111 Ariz. at 311, 528 P.2d at 837.

While appellant argues that the record is devoid of evidence showing that he was specifically informed of these rights, we think the more appropriate inquiry is one directed to ascertaining whether appellant understood these rights and knowingly waived them. As this Court recently observed in *State v. Eliason*, 25 Ariz.App. 523, 544 P.2d 1124, 1129 (1976):

"While the trial court, in addressing the defendant, did not mention individually each right and await the defendant's reply, such a litany is not required. A common sense approach in making the determination of a knowledgeable waiver is sometimes superior to the adherence to an inflexible incantation which, as past experience has shown, all too often encourages form over substance."

The record in this case reflects that after appellant submitted his waiver of trial by jury, the trial judge questioned him to ascertain whether he made a knowing waiver.

"The Court: I understand, this is your desire to waive the jury and have the trial completed before me and by me without a jury?

"Mr. Sutton: Yes, Your Honor.

\*    \*    \*    \*    \*    \*

"The Court: What it says: 'I understand that I'm charged with the crime of Burglary, First Degree, which is a felony under the law of Arizona.

'That if I'm found guilty, I can be given a severe punishment, including imprisonment in the Arizona State Prison, or as a term of probation in the Maricopa County Jail, or a fine, or you can be placed on probation, or other penalties.'

"Do you understand that?

"Mr. Sutton: Yes.

\*    \*    \*    \*    \*    \*

"The Court: Do you also understand, it says here, you are entitled to a trial by jury on these charges; that you have a right to a jury to a jury means the right to have your guilt or innocence decided by a jury, that have already been selected, whose decision must be unanimous?

"Mr. Sutton: Yes."

\*    \*    \*    \*    \*    \*

"The Court: Do you understand that if I approve this waiver of trial by jury, that you will not again in this case have a right to a jury—trial by jury?

"Mr. Sutton: Yes.

"The Court: You also understand that I will then complete the trial, reading the

**236**

transcripts of the Preliminary Hearings, and reviewing evidence that may be offered.

"Do you have any other testimony to offer? The Police Officer's testimony?

"Mr. Tolino: No, Your Honor."

We believe that this dialogue reflects that the essential requirements imposed by *Crowley* were met.

The judgment and sentence are affirmed.

JACOBSON, P. J., and SCHROEDER, J., concurring.