The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Henry L. MAES, Defendant-Appellant.

No. 76–835.

Colorado Court of Appeals, Div. III.

Dec. 6, 1979.

As Modified On Denial of Rehearings Jan. 4 and Jan. 10, 1980.

Certiorari Denied April 21, 1980.

J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., David K. Rees, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Paula K. Miller, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

Having been convicted of first degree murder, defendant, Henry L. Maes, appeals, asserting seven contentions of error. The People have confessed error to the first contention, that defendant's challenge for cause of a juror who was a compensated employee of a public law enforcement agency was improperly denied. We agree, and therefore reverse and remand for a new trial.

During the course of voir dire, the juror in question disclosed that he was a mechan-ic employed by the City and County of Denver working in the police garage. He had been so employed for some 19 years. In response to questions, the juror incorrectly concluded that he was not a full-time member of a law enforcement agency. Defendant challenged him for cause, but the court denied the challenge. The defendant used a peremptory challenge to excuse the juror and eventually exhausted all other peremptory challenges available to him. Thus, if it was error to deny defendant's challenge for cause to this juror, that error is prejudicial. *See Skeels v. People*, 145 Colo. 281, 358 P.2d 605 (1961).

At the time it denied this challenge for cause, the trial court did not have the benefit of *People In Interest of R.A.D.*, Colo., 586 P.2d 46 (1978), and *People v. Scott*, Colo.App., 583 P.2d 939 (1978). In the latter case, § 16–10–103(1)(k), C.R.S. 1973 and Crim.P. 24(b)(1)(XII) were interpreted as not limiting challenges for cause to law enforcement "officers"; rather, the statute and rule were held to encompass one who is a compensated employee of a public law enforcement agency. An affidavit of the police department's director of budget and personnel demonstrates that the juror in question here was a compensated employee of the Denver Police Department. Thus, under *Scott* and *People In Interest of R.A.D.*, the challenge for cause to this juror should have been granted.

We address other contentions of error because they may arise on retrial. The first of these is that the evidence was insufficient to support the conclusion that Maes acted with deliberation, a necessary element of first degree murder. If the evidence were found to be insufficient, retrial of Maes for first degree murder would be precluded under the constitutional prohibition against placing a defendant twice in jeopardy. *See Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). We conclude, however, that the evidence here was sufficient.

In reviewing an assertion that the evidence at trial was insufficient, the test

to be applied is whether all of the evidence, circumstantial and direct, when viewed in the light most favorable to the verdict, is "substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt." *People v. Bennett*, 183 Colo. 125, 515 P.2d 466, 469 (1973). And, we must draw all reasonable inferences from the evidence which support the verdict. *People v. Mayfield*, 184 Colo. 399, 520 P.2d 748 (1978).

■ In order to sustain a conviction of first degree murder it must be shown that the defendant acted "after deliberation," *Hervey v. People*, 178 Colo. 38, 495 P.2d 204 (1972), and a premeditated act is never one which has been committed hastily or impulsively. *People v. Sneed*, 183 Colo. 96, 514 P.2d 776 (1973). The design to kill must precede the killing by an appreciable time, but the length of time need not be long. *People v. Sneed, supra.*

Based upon the standard of review to be applied, we conclude that the record contains evidence upon which a reasonable mind could conclude that there was time, albeit short, within which Maes could reflect on what he was doing. There is evidence from which the jury could conclude that the victim entered Maes' girlfriend's bedroom in response to her cries, interrupted a sexual contact between the two, following which Maes struck the victim with his fist, then broke off the attack, took a hammer from a closet, resumed the attack, and again changed weapons to a knife which was kept in a kitchen drawer, and a paddle which was located under a couch. (There is no clear proof as to the order in which the last two weapons were used; the cause of death was apparently blows to the back of the head by the paddle). We conclude that the time necessary for Maes to have abandoned use of his fists and then open a closet, take out a hammer, chase the victim into another room, and locate and use other weapons, was sufficient for Maes to have deliberated on his acts. *See People v. Sneed, supra,* and *People v. Duran*, 40 Colo.App. 302, 577 P.2d 307 (1978).

Maes also contends that the trial court erred when it allowed a witness, Angelina Vargas, to testify in light of a claimed common law marriage between Maes and this witness. We do not agree.

■ The privilege conferred by § 13–90–107(1)(a), C.R.S.1973, contemplates the existence of a valid marriage. Maes asserts that he and Angelina Vargas entered into a common law marriage in August of 1975, which existed at the time of the homicide and which continued through the time of trial. The trial court held an in-camera hearing to determine whether or not such a marriage existed. Testimony was presented which supports the trial court's conclusion that there was no valid marriage between the parties. Both parties admitted prior marriages which to their knowledge remain undissolved. Angelina Vargas testified that Maes had asked her to marry him several times and that she had always told him to wait; the last time a proposal was made and refused was on February 6, 1976, one day prior to the homicide. Because the trial court's finding is supported by competent evidence in the record it is binding upon us. *Lewis v. People*, 174 Colo. 334, 483 P.2d 949 (1971).

■ We also disagree with Maes' next contention, that evidence seized pursuant to a warrantless search of his residence should have been suppressed by the trial court. A warrantless search and seizure is justified if exigent circumstances exist which mandate prompt action by the police. *People v. Baca*, Colo., 600 P.2d 770 (1979).

At the suppression hearing evidence was presented which showed that a body was found in a common trash area at the rear of Maes' residence. A trail of drag marks and blood was followed to Maes' back door. More blood was observed on the doorstep and on the floor inside the back door. When a police officer knocked on the door he received no response, despite the fact that noises had been heard inside the house. When a Deputy District Attorney arrived upon the scene, the police forcibly entered the residence. Upon doing so, incriminating evidence was recovered and Maes was arrested.

When it reasonably appears to the officers that evidence may be removed or destroyed unless a prompt search ensues, the failure to obtain a warrant will not serve as grounds for suppression of the evidence seized. *People v. Clark*, 37 Colo. App. 188, 547 P.2d 267 (1976). The trial court found, and we agree, that under the circumstances presented here, a warrantless search was justified to prevent destruction of incriminating evidence.

Maes further contends that the trial court erred in admitting certain photographs introduced by the People which were cumulative, and so shocking that their probative value was outweighed by their prejudicial impact. Again, we disagree.

Whether or not photographic exhibits are appropriate for presentation to the jury is within the sound discretion of the trial court, and, unless abuse of discretion is shown, the court's decision will not be disturbed on review. *Hinton v. People*, 169 Colo. 545, 458 P.2d 611 (1969), *cert. denied*, 397 U.S. 1047, 90 S.Ct. 1375, 25 L.Ed.2d 659 (1970). If the cumulative effect of several photographs would serve only to incite the jurors to passion, prejudice, vengeance, hatred, or disgust, their admission should be denied. *People v. Pearson*, 190 Colo. 313, 546 P.2d 1259 (1976). Photographs are admissible, however, if they depict facts which are relevant, and they are not rendered inadmissible because they reveal shocking details of the crime. *Hampton v. People*, 171 Colo. 153, 465 P.2d 394 (1970).

Here, the photographs reveal the appearance and condition of the deceased, and the location, extent, and nature of the injuries, all of which are relevant. *People v. Jones*, 184 Colo. 96, 518 P.2d 819 (1974). Although several of the photographs reveal the same scene from different angles and distances, we cannot say that their cumulative effect is so prejudicial as to outweigh their probative value.

Maes next asserts that, while the jury was instructed on second degree murder, as well as first degree, the court erred in not also instructing on voluntary manslaughter. Whether such an instruction is appropriate depends upon the evidence adduced at trial. *English v. People*, 178 Colo. 325, 497 P.2d 691 (1972). We conclude that based on the evidence in the record, a manslaughter instruction should have been given. In our view, this is not a case where it is murder or nothing else. Instead, a jury could conclude, based on the evidence, that Maes had been provoked by the victim and the circumstances in such a way as to excite an irresistible passion. Therefore, we cannot say as a matter of law that the evidence depicted conduct wholly inconsistent with the crime of voluntary manslaughter. *See* § 18-3-104(1)(c), C.R.S. 1973 (1978 Repl.Vol. 8). *Compare People v. Miller*, 187 Colo. 239, 529 P.2d 648 (1974) *with People v. Mullins*, 188 Colo. 23, 532 P.2d 733 (1975). As stated in *Read v. People*, 119 Colo. 506, 205 P.2d 233, 235 (1949):

> "There is nothing in our criminal practice more thoroughly established or definitely settled than the principle that when there is any evidence, however improbable, unreasonable or slight, which tends to reduce the homicide to the grade of manslaughter, the defendant is entitled to an instruction thereon upon the hypothesis that the same is true, and that it is for the jury, under proper instructions, and not the trial judge, to weigh and consider the evidence and determine therefrom what grade of crime, if any, was committed . . . ."

Maes' final contention is that he was denied a fair trial because of alleged misconduct consisting of statements made in the prosecutor's closing argument. The most significant of these statements is one culminating in an accusation that defense counsel had taken a "cheap shot." An objection to this argument was made and sustained. Such comment would not constitute reversible error, *see People v. Pesis*, 189 Colo. 52, 536 P.2d 824 (1975), but it should not be repeated on retrial.

The judgment is reversed and the cause is remanded for a new trial.

SMITH and VAN CISE, JJ., concur.