617 P.2d 521

**STATE of Arizona, Appellee,**

v.

**Terry Lee FARMER, Appellant.**

No. 4753.

Supreme Court of Arizona,
In Banc.

Sept. 5, 1980.

Rehearing Denied Oct. 7, 1980.

Robert K. Corbin, Atty. Gen., by William J. Schafer III, Chief Counsel, Crim. Div., Jessica L. Gifford, Asst. Atty. Gen., Phoenix, for appellee.

Wildermuth & Wildermuth, by John R. Wildermuth, Coolidge, for appellant.

HOLOHAN, Vice Chief Justice.

Appellant appeals from his convictions of first degree murder and conspiracy to commit murder. Appellant was sentenced to life imprisonment without possibility of parole for twenty–five years for the murder conviction and received a sentence of twenty–five to thirty years for the conspiracy conviction, to be served consecutive to the life sentence. We have jurisdiction pursuant to A.R.S. § 13–4031.

Appellant was indicted with ten other inmates of the Arizona State Prison on charges of first degree murder and conspiracy to commit murder. The trial court granted several motions to sever made by various defendants in the case and ultimately, appellant was tried with just one other codefendant. The jury found appellant guilty on both charges but acquitted his codefendant.

The evidence presented at trial showed that racial violence at the state prison began to increase in September of 1977. A group of prisoners known as the Aryan Brotherhood, made up of white inmates, planned to kill Waymond Small, a black inmate because he had witnessed an attack upon another black inmate by members of the Aryan Brotherhood. Small also was to testify before a committee of the state legislature concerning prison violence and gang activities.

Two former members of the Aryan Brotherhood, Dominic Hall and Danny Farrell, were given immunity from prosecution in the case and testified for the state. Hall testified that he had been ordered by the leader of the Aryan Brotherhood, Jerry Hillyer, to have Waymond Small killed. Appellant desired to join the Aryan Brotherhood, so he offered to kill the victim as a

means of attaining membership in that organization. Another inmate, Bill Goff, who also wanted to join the gang, volunteered to help appellant.

Hall asked appellant's codefendant William McDonald to make a "shank" or prison–made knife. While Farrell acted as a lookout, McDonald made the knife. This knife was later used to stab the victim Small.

On the morning of November 30, 1977, McDonald accompanied appellant and Goff from their assignment at the print shop to a location near the carpenter shop where McDonald pointed out Small who was working in the license plate shop. That afternoon, appellant and Goff went to the license plate shop where appellant stabbed the victim twice in the chest and Goff hit the victim in the head with the claw end of a hammer. Goff and appellant then ran. Small grabbed the hammer and chased after them. Shortly after the attack, Small died from the wounds inflicted by his assailants.

Appellant and Goff returned to the print shop where the clothing which they had been wearing was cut up and flushed down a toilet.

Appellant raised six issues on appeal, however, we find it necessary to address only the following two issues:

1) Whether appellant's right to a speedy trial was violated;

2) Whether the trial court erred in refusing to allow evidence of the acquittal of three defense witnesses after the state was allowed to introduce evidence that the witnesses had been indicted on the same charges as appellant.

## SPEEDY TRIAL

On appeal, appellant argues that he did not receive a speedy trial.

Appellant bases his argument upon the facts that he was named as a defendant in the complaint issued May 9, 1978; but a jury trial did not commence until May 15, 1979, which exceeded the time limits of Rules 8.2(a) and (b) of the Arizona Rules of Criminal Procedure, 17 A.R.S.

Appellant was one of eleven defendants charged in the indictment, all of whom were state prison inmates, each having their own attorney. After the defendants were indicted, many pretrial motions were filed by their attorneys which were primarily concerned with matters of discovery. Two of appellant's codefendants moved pursuant to Rule 8.1(e), Rules of Criminal Procedure, 17 A.R.S., to declare the case extraordinary and thereby suspend the time limits of Rule 8.2. Pursuant to the rule, findings of fact were made by the trial court and transmitted to the Chief Justice. On August 28, 1978, the Chief Justice approved the findings of the trial court and thereafter the court granted the motion to suspend the provisions of Rule 8.

Although appellant did not join in the motion to declare the case extraordinary, the appellant is bound by the suspension of the Rule 8 time limits. The delay occasioned by or on the behalf of any defendant is attributable to his codefendants in determining whether speedy trial time limits have been violated. *State v. Johnson*, 122 Ariz. 260, 594 P.2d 514 (1979); *see also* Rule 8.4(e), Rules of Criminal Procedure, 17 A.R.S. The trial court entered an order suspending the time limits prior to ordering any severance of the defendants for trial. Thus, the delay resulting from the suspension of the time limits of Rule 8, upon the motion of his codefendants, is attributable to appellant.

We note also that appellant moved for a determination of his mental competency on January 30, 1979. He was examined and then found competent to stand trial by the trial court on March 23, 1979. Appellant moved for a reexamination of his mental competency on March 26, 1979, was reexamined and again found competent on May 25, 1979. The delay occasioned in order to determine appellant's competency is excludable from consideration of whether appellant's right to a speedy trial was denied. *State v. Lewis*, 112 Ariz. 38, 537 P.2d 25 (1975); *State v. Landrum*, 112 Ariz. 555, 544 P.2d 664 (1976); *State v. Castoe*, 114 Ariz. 47, 559 P.2d 167 (App.1976).

■ In view of the many pretrial motions which were filed, the nature and complexity of the case, the time excluded for determination of appellant's mental competency and the suspension of the time limits of Rule 8; we find that there was no violation of the speedy trial time limits.

Although appellant asserts a denial of his constitutional right to speedy trial which prejudiced him because the delay curtailed his liberty within the prison and caused him a great deal of anxiety, we have reviewed the circumstances involved in the delay, and we find that under constitutional standards appellant was not denied his right to a speedy trial. *See Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *State v. Edwards*, 122 Ariz. 206, 594 P.2d 72 (1979).

## EVIDENCE OF ACQUITTAL

Appellant urges that the trial court committed reversible error in precluding the defense from showing at trial that three defense witnesses had been acquitted of the same charges asserted against appellant.

■ Three of appellant's codefendants, Goff, Belt and Breshears, were tried and acquitted in a trial which preceded that of appellant. Prior to appellant's trial, the state made a motion in limine to preclude mention of the acquittals of witnesses Goff, Belt and Breshears in the earlier trial. The trial court granted the state's motion. At that point in the case the ruling was correct because evidence of the acquittal of codefendants is irrelevant to the determination of appellant's guilt or innocence on the charges. *People v. Mayden*, 71 Ill.App.3d 442, 27 Ill.Dec. 670, 389 N.E.2d 901 (1979); *People v. Hunley*, 63 Mich.App. 97, 234 N.W.2d 169 (1975); *Felts v. State*, 546 P.2d 265 (Okl.Cr.App.1976).

Appellant objected to the trial court allowing the state, on cross examination of Bilkie, to ask whether he had been charged with the conspiracy to kill and the murder of Waymond Small. At the time of his testimony, Bilkie was awaiting trial on the same charges for which appellant was being tried.

■ The mere accusation that a witness has committed a felonious crime is not admissible for use as a specific act of misconduct affecting veracity, in the absence of a conviction of that crime. *State v. Harris*, 73 Ariz. 138, 238 P.2d 957 (1951); *State v. Goldsmith*, 104 Ariz. 226, 450 P.2d 684 (1969).

■ In *State v. Ramos*, 108 Ariz. 36, 492 P.2d 697 (1972), however, we held that a defendant should be allowed, in cross examination of a prosecution witness, to bring out the fact of the witnesses' arrest in the same matter, to show bias or prejudice affecting credibility. We believe that the same principle applies when the state attempts to show such bias on the part of a defense witness who is under indictment on the same charges for which the defendant is being tried. In accord, *see State v. Ciulla*, 115 R.I. 558, 351 A.2d 580 (1976); *State v. Moynahan*, 164 Conn. 560, 325 A.2d 199 (1973), *cert. denied*, 414 U.S. 976, 94 S.Ct. 291, 38 L.Ed.2d 219; *Fulton v. State*, 335 So.2d 280 (Fla.1976). The trial court was not in error in allowing the state to bring out the fact of the pending charges.

The defense had two other witnesses, Goff and Breshears, who had also been charged with the same crimes as appellant, but these witnesses had been acquitted of all charges in a separate trial held prior to appellant's. The defense, having failed to preclude the prosecution from bringing out the fact of the witnesses being charged with the same crime, sought to show in examination of the witnesses that they had been acquitted of the charges. The fact of acquittal was offered to rehabilitate the credibility of the witnesses. The defense efforts were denied, and the trial court adhered to its previous pre–trial ruling that the fact of acquittal could not be shown.

■■ When a witness has been attacked on grounds of his bias or interest, the party calling him is entitled to prove any fact tending to show the absence of such interest or bias. *See* 98 C.J.S. *Witnesses* §§ 564, 571; *Ryan v. Dwyer*, 33 A.D.2d 878, 307

N.Y.S.2d 565 (App.Div.1969); 4 Wigmore on Evidence § 1119 (Chadbourn rev. 1972); *People v. Perez,* 128 Cal.App.2d 750, 276 P.2d 72 (1954); *Foss v. State,* 92 Nev. 163, 547 P.d 688 (1976). Here, when the state was allowed to ask a witness whether he had been indicted for purpose of showing the possible bias and motive of the witness in testifying, the defense should have been allowed to show that fear of pending prosecution was not the motive. Allowing the state to leave the inference with the jury that the witnesses were awaiting trial on the same charges as appellant and therefore had a motive to testify falsely, was error.

Although the refusal to admit evidence of the acquittal of the witnesses was error, the question remains whether the error was prejudicial to the defense.

The appellant's defense was self defense. The witnesses which he offered testified in support of his version of the events surrounding the death of the victim. The version given by the defense witnesses was contrary to that given by the state's witnesses. The credibility of the witnesses was a vital factor. The case was essentially a contest of which prison inmates to believe. Under such circumstances the erroneous ruling of the trial judge on the evidentiary point was prejudicial.

The conviction of appellant is reversed, and the case is remanded for a new trial.

STRUCKMEYER, C. J., and HAYS, CAMERON and GORDON, JJ., concur.