656 P.2d 1261

**STATE of Arizona, Appellee,**

v.

**John Henry BROWN, Appellant.**

**No. 1 CA–CR 5428.**

Court of Appeals of Arizona, Division 1, Department A.

Oct. 21, 1982.

Rehearing Denied Dec. 8, 1982.

Review Denied Jan. 11, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div. and Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Bruce M. Preston, Deputy Public Defender, Phoenix, for appellant.

OPINION

CORCORAN, Judge.

This is an appeal by appellant, John Henry Brown, from a conviction and sentence for aggravated assault. The only question presented on appeal is whether appellant was denied his right to a speedy trial. Rule 8, Rules of Criminal Procedure.

On October 19, 1980, appellant assaulted Antonio Carsonetti with a pool cue stick, breaking his jaw. Appellant was apprehended a short time later and was charged with aggravated assault, a class 3

felony, A.R.S. §§ 13–1204(A)(2) and (B), and 13–1203(A)(1).

On April 9, 1981, a jury returned a verdict of guilty against appellant on the charge of aggravated assault, a class 3 felony. On June 1, 1981, appellant was committed to the Arizona Department of Corrections for a mitigated sentence of 3.75 years to commence from that date. Appellant was given credit for 225 days of presentence incarceration. A timely notice of appeal was filed. Appellant appeals to this court pursuant to A.R.S. §§ 12–120.-21(A)(1), 13–4031 and 13–4033.

Appellant raises only one issue for this court's consideration: Whether a trial court may exclude from the time computations of rule 8.2 more days than the actual number of days between the filing of a rule 11 motion for a mental examination and the later determination of competency.

In order to address ourselves to the merit of this issue, it is necessary to recite the sequence of events from the time appellant was arraigned until the time when he was brought to trial. The record reflects the following significant facts:

November 10, 1980: Appellant was arraigned while in custody. The "last day" for trial was computed to be February 8, 1981, 90 days after arraignment. Rule 8.2(b).

January 28, 1981: Appellant filed on his own behalf a rule 11 motion for the determination of his competency. There were eleven days remaining before the "last day," February 8, 1981. The motion was granted and a competency hearing was set for February 27, 1981, 30 days later.

February 27, 1981: At the time of the competency hearing appellant was found competent. The trial court excluded 55 days attributable to the determination of competency.[1] Rule 8.4(a). Trial was set for March 25, 1981. The "last day" for trial was recomputed to be Saturday, April 4, 1981, eleven days after the recomputed trial date. Appellant made a motion to dismiss the information because he claimed his right to a speedy trial had been violated. The motion was denied.

March 25, 1981: On the court's own motion, a new trial date was set for Monday, April 6, 1981.

April 2, 1981: Appellant again filed a motion to dismiss alleging his right to a speedy trial had been violated. The motion was denied.

April 6, 1981: Trial commenced.

April 9, 1981: Appellant was convicted of aggravated assault.

Appellant's only contention on appeal is that the trial court violated the speedy trial rules by excluding more than the 30 days from the filing of his rule 11 motion to the determination of his competence. We find no violation.

Rule 8.4(a) states that "[d]elays occasioned by or on behalf of the defendant, including ... delays caused by an examination and hearing to determine competency" are to be excluded from the time limit computations of rule 8.2. *State v. Farmer,* 126 Ariz. 569, 617 P.2d 521 (1980). However, the rules of criminal procedure do not specify a time limit for resetting a trial date *after* a determination is made. Therefore, in deciding whether Brown's right to a speedy trial has been violated, we must consider the trial court's action from a common sense viewpoint. *State v. Owens,* 112 Ariz. 223, 540 P.2d 695 (1975); *State v. Churchill,* 82 Ariz. 375, 313 P.2d 753 (1957).

█ In *State v. Ceja,* 113 Ariz. 39, 546 P.2d 6 (1976), our supreme court reviewed

---

1. The trial court excluded the period from January 29 through March 25, 1981, as being attributable to appellant's rule 11 motion. According to our computation, this is a 56-day period and not a 55-day period. The trial court's calculation of the excluded period, however, does not require that we reach a different result. Using the trial court's calculation, the last day would fall on a Saturday. Using ours, it would fall on a Sunday. In either event, the trial court was authorized to commence trial on the Monday following, which it did. Rule 1.3, Rules of Criminal Procedure.

In order for the reader to track the record more easily, the opinion is predicated on a 55-day exclusion.

rule 8.4(a) and held that "there is no set time during which a hearing must be conducted, and rule 8.4(a) *does not limit the excluded periods to any specific number of days.*" 113 Ariz. at 43, 546 P.2d at 10 (emphasis added). The issue in *Ceja* was whether it was proper to exclude 42 days, the period between a rule 11 motion and the competency hearing, from the time limit computations of rule 8.2. While this is not the precise issue presented on this appeal, we find *Ceja* instructive in finding that rule 8.4(a) does not envision a mechanical application regarding excluded time. Instead, a trial court has discretion to exclude a reasonable period after the hearing so that the state may prepare for trial. A reasonable excludable delay is from the time of filing the motion to a reasonable time after the determination of competence is made. The necessity of such a practical approach is best exemplified by the trial court's reasoning in excluding more days than the number of days between the filing of the motion and the hearing:

> The Court notes that, if the proceedings for Rule 11 examination were filed immediately prior to the last day, it would really not be feasible for the state to get ready to go to trial immediately upon the determination of competency. They certainly need to know what that determination would be before they are prepared for trial.

While a failure to bring a defendant to trial within a reasonable time after his competence has been determined might lead to a violation of the rule 8.2 time limits, the 25-day period in this case was not unreasonable nor did it prejudice appellant.

 In order to determine whether any excluded delay violates a defendant's right to a speedy trial, four factors must be weighed: The length of delay; the reason or cause of the delay; whether there was a waiver of the right by the defendant; and if there was any actual prejudice to the defendant because of the delay. *State v. McDonald,* 111 Ariz. 159, 526 P.2d 698 (1974); *State v. Brooks,* 127 Ariz. 130, 618 P.2d 624 (App.1980).

In addressing ourselves to the multiple factors to be assessed, we note that at the competency hearing on February 27, 1981, the trial court excluded 30 days retroactively because of appellant's motion for a rule 11 determination, and excluded 25 days prospectively in order to give the state an opportunity to prepare for trial after the determination that appellant was competent. The length of this delay, however, is the least conclusive of the factors to be considered. *State v. McDonald,* 111 Ariz. at 162, 526 P.2d at 701. The exclusion of the 25 days was reasonable. The trial court did not abuse its discretion in excluding the 25 days.

Reviewing the other factors in light of the record, we find that appellant's right to a speedy trial was not violated. According to the trial court, the 25-day extension was justified because the filing of appellant's motion came so close—eleven days—to the then last day for trial. While appellant asserted his right by filing a motion to dismiss, he failed to demonstrate that he was actually prejudiced by the extended delay. A careful search of the record reveals no actual prejudice.

The trial court's exclusion of 55 days still left eleven days after March 25, 1981, in which to bring appellant to trial. Because the last date for trial, April 4, 1981, fell on a Saturday, the trial court was authorized to put the trial over until the following Monday, April 6, 1981. Rule 1.3 Rules of Criminal Procedure. When 55 days are subtracted from the 146 days between the arraignment and the commencement of trial, and allowance is made for the fact that the last day for trial fell on a Saturday, we conclude that Brown's trial was timely.

The conviction and sentence are affirmed.

OGG, P.J., and GRANT, J., concur.