**The PEOPLE of the State of Colorado,**
**Plaintiff-Appellee,**

v.

**Nicholas J. JONES,**
**Defendant-Appellant.**

**No. 81CA0266.**

Colorado Court of Appeals,
Div. III.

Sept. 8, 1983.

Rehearing Denied Oct. 20, 1983.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Terri L. Brake, Chief Appellate State Public Defender, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Nicholas James Jones, appeals his jury conviction of first degree murder and aggravated robbery. We reverse.

## I.

Defendant first contends the trial court erred when it refused to dismiss those charges filed against him on grounds defendant had been denied his right to a speedy trial. We disagree.

Defendant pled not guilty. Thereafter, because of suggestions by Jones counsel, the court ordered that he be examined as to his mental competency to stand trial. Defendant asserts that the time during which trial proceedings were stayed pending the determination of his mental competency to stand trial should be included in computing the six-month period of time allowed for speedy trial. Crim.P. 48(b); Section 18–1–405, C.R.S.1973 (1978 Repl.Vol. 8); *see* § 16–8–110(2)(a), C.R.S.1973. We disagree.

This is an issue of first impression in this state. We adopt the rule set forth in the *ABA, Standards on Criminal Justice* § 12–2.31, and followed by several federal courts. When a defendant is confined to a mental institution or hospital for observation or examination prior to a determination of mental competency, he cannot complain of a denial of his constitutional right to a speedy trial because of the delay occasioned by that confinement. *Johnson v. United States*, 333 F.2d 371 (10th Cir.1964); *United States v. Davis*, 365 F.2d 251 (6th Cir.1966); *see also United States v. Cartano*, 420 F.2d 362 (1st Cir.1970); *State v. Farmer*, 126 Ariz. 569, 617 P.2d 521 (1980).

Therefore, the trial court was correct in not including in the speedy trial period, the time during which defendant was confined for a competency determination.

Defendant also contends a second period of time, totaling eight days, between the date the psychiatric reports were filed until the defendant's next court appearance, cannot be charged against him in a speedy trial computation because the court's calendar prevented an earlier ap-

pearance. The record does not support this contention.

## II.

Next, defendant contends the trial court erred when it denied his motion to suppress statements made to police officers. He challenges the trial court's ruling on grounds the *Miranda* warnings given were insufficient. We agree, and therefore, reverse.

In *People v. Spring*, 671 P.2d 965 (Colo. App.1983), this court held that police had a duty to inform Spring that he was a suspect in a homicide and to readvise him of his *Miranda* rights before questioning him about a murder which had occurred sometime prior to a stolen weapons transaction about which authorities originally questioned him. Because the officers had failed to so advise the defendant, his waiver of his *Miranda* rights was ruled to be invalid, and the refusal of the trial court to suppress his responses to the questioning was held to be reversible error.

■ Here, defendant was questioned by New Hampshire police after reporting the theft of his automobile. The questions asked by the policemen concerned the registration number and vehicle identification number of the automobile. According to New Hampshire authorities, *Miranda* warnings were given prior to this questioning as a matter of course. After double checking the information given them by defendant in response to their questions, the investigators had reason to believe defendant had participated in a homicide which occurred in Mesa County, Colorado. Before questioning defendant regarding the Colorado homicide, however, no further advisements were given.

Hence, in accordance with *Spring*, because defendant was not made aware that he was a suspect in a homicide and properly advised concerning that offense, the People's *argument* that he waived his right to an attorney or to remain silent must fail.

## III.

Defendant also asserts the trial court erred when it refused to instruct the jury on second degree murder. We agree, and instruct the court that upon retrial such an instruction should be given the jury.

■ When even a scintilla of evidence, regardless of how unreasonable or how improbable, tends to substantiate a defendant's theory of defense or that of a lesser included offense, an instruction on that theory must be given. *People v. Maes*, 43 Colo.App. 365, 609 P.2d 1105 (1979). Although the evidence in this case indicates that there was little validity to defendant's contentions which would reduce his degree of culpability in the homicide, the court, nevertheless, had a duty to instruct the jury on this lesser offense.

## IV.

■ Defendant complains that the trial court erred when it refused his motion to sequester jury members during voir dire in this capital case. The People argue sequestration was not necessary here because the prosecution neither sought the death penalty nor did it seek to qualify the jury to impose the death penalty.

*People ex rel. Faulk v. District Court*, 667 P.2d 1384 (Colo.1983), is dispositive of this issue, and during the new trial potential jury members should be sequestered. *See* Crim.P. 24(f).

The remaining contentions of error are without merit.

The judgment is reversed and the cause is remanded for new trial.

KELLY, J., concurs.

VAN CISE, J., concurs in part and dissents in part.

VAN CISE, Judge, concurring in part and dissenting in part.

I agree with point I in the majority opinion.

For the reasons given in my dissent in *People v. Spring, supra*, I disagree with point II in the majority opinion. Questions

regarding defendant's ownership or right to possession of the automobile, the circumstances under which he obtained it, and inevitably, his involvement in the killing of the owner of the automobile, were all foreseeable. He was given the *Miranda* warnings and waived his rights before any questioning. There was no reason to repeat the process. Nor is there any requirement that a suspect be informed of specific charges which may be brought against him. *People v. Herrera,* 633 P.2d 1091 (Colo.App.1981). The statements were properly admitted.

However, I agree with points III and IV of the majority opinion and, therefore, concur in reversing the first degree murder conviction and remanding for a new trial on that charge.

Since points III and IV pertain only to the murder charge, I would affirm the aggravated robbery conviction.