747 P.2d 1243

**STATE of Arizona, Appellant,**

v.

**David Gonzales SANCHEZ, Appellee.**

**No. 1 CA–CR 11038.**

Court of Appeals of Arizona,
Division 1, Department D.

Dec. 31, 1987.

Robert K. Corbin, Atty. Gen. by Steven J. Twist, Chief Counsel, Organized Crime and Racketeering Div., and Christopher O. Anderson, Asst. Atty. Gen., Phoenix, for appellant.

Budoff & Ross, P.C. by Jeffrey D. Ross, Phoenix, for appellee.

OPINION

HAIRE, Chief Judge.

On June 4, 1986, an indictment was returned against appellee David Gonzales

Sanchez (defendant). On December 29, 1986, the trial court determined that the time limits imposed by Rule 8, Arizona Rules of Criminal Procedure, had been violated and dismissed the charges without prejudice.[1] The state has appealed, urging several grounds on which the dismissal was erroneous. The issue we address is whether, when delay occasioned by the defendant occurs on the eve of the expiration of the Rule 8 limits, the amount of time to be excluded in computing those limits includes a reasonable time for subsequent trial preparation.

## TIMELINESS OF OPENING BRIEF

■ As a preliminary matter, defendant urges that we strike the state's opening brief as untimely and that we dismiss the appeal. The brief was originally due by April 9, 1987. On May 8, 1987, in a routine file review this court noted that the state had filed neither an opening brief nor a request for an extension of time in which to file the brief. *Sua sponte,* we extended the time for filing until May 27, 1987, and the brief was filed on May 26, 1987.[2]

Defendant neither called the matter to this court's attention initially, by filing a motion to dismiss the appeal, nor questioned the propriety of the court's order granting an extension, by filing a motion for reconsideration. Under the circumstances, defendant has waived his right to object on the grounds that the opening brief was not timely filed.

## SPEEDY TRIAL

Rule 8.2(b), Arizona Rules of Criminal Procedure, provides that a defendant who is held in custody must be brought to trial within 120 days from his initial appearance or 90 days from his arraignment, whichever is the lesser. Defendant, who was in custody, made his initial appearance on June 9, 1986. He was first arraigned on June 16, 1986; after a remand to the grand jury for a new probable cause determination, he was arraigned again on September 19, 1986.

The state first argues that the trial court abused its discretion by dismissing the charges against defendant when the speedy trial limits had not yet expired. This argument is based on the contention that the speedy trial limits began anew with the second indictment. The state relies on *State ex rel. Berger v. Superior Court,* 111 Ariz. 524, 534 P.2d 266 (1975), and *State v. Soto,* 117 Ariz. 345, 572 P.2d 1183 (1977), as support for this contention. *See also* Rule 8.4(b) and *State v. Sutton,* 27 Ariz.App. 231, 553 P.2d 1216 (1976) (the time between the filing of a motion for new determination of probable cause and the date of the arraignment on the new information or indictment is excludable when computing time limits under Rule 8.2).

■ The state observes that if September 19, 1986, had been used as a starting date, the Rule 8 limits would not have expired when the trial court dismissed the charges. Defendant responds that the state has waived its right to object on this ground, and we agree.

Although the state had several opportunities to raise this argument in the trial court, it failed to do so. For example, after defendant's second arraignment, the trial court identified October 7, 1986, as the last day for trial. (Apparently, after the new arraignment, the trial court began using June 9, the date of defendant's initial appearance, as the starting point for its calculations. October 7 is 120 days after June 9.)

It should have been apparent to the state that the court would have arrived at a much later date if it had either used the date of the second arraignment as a start-

---

1. Of twelve counts originally charged in the indictment, eight had been dismissed earlier. This appeal concerns only the remaining four.

2. Pursuant to Rule 31.20, Arizona Rules of Criminal Procedure, the court, on its own initiative, may suspend the requirements of the rules governing the time for the filing of appellate briefs.

ing point or excluded any time for the remand. Neither party called this omission to the trial court's attention.[3]

Furthermore, on October 2, 1986, the trial court postponed the trial for 28 days at defendant's request, identified November 4, 1986, as the new last day for trial, and directed counsel to recompute the last day and inform the court of any error therein. The state remained silent then as well as later, when the trial court granted defendant a further 14-day postponement and identified November 18 as the new last day.

Meanwhile, defendant sought a second remand for redetermination of probable cause, which was denied. He then pursued a special action, this court's number 1 CA–SA 055, during which proceedings in the trial court were stayed for a period of 28 days. On December 12, 1986, we declined to accept jurisdiction of the special action and lifted the stay; the trial court received our order on December 15, 1986. Because the trial judge's secretary was ill, however, the order was not brought to the judge's attention immediately, and the matter was not set for trial within the one day that remained by the trial court's calculations.

On December 29, 1986, the state argued vigorously against dismissal, but failed again to identify any perceived error of law or computation pertaining to the remand, objecting solely on the basis of the argument that we address below. Nor was any such argument advanced when the state petitioned this court, in case number 1 CA–SA 096, for special action relief from the order of dismissal.

■ A party may waive the right to raise a violation of the speedy trial rule. *State v. Gaitan*, 27 Ariz.App. 718, 558 P.2d 746 (1976). In *Gaitan*, the defendant moved to dismiss almost two months after the date on which he contended the speedy trial time had expired, having twice in the

interim acceded to the trial court's allegedly erroneous determination of the last date for trial. This court held that the motion to dismiss was untimely and refused to address the merits of the defendant's argument on appeal.

We cannot justify a different result when the complaining party is the state. In addressing the state's remaining argument, we will therefore assume that when defendant filed his petition for special action, the date scheduled for trial was one day before the last day under Rule 8.

The state next argues that the trial court abused its discretion in dismissing the charges without excluding a reasonable time after the stay was lifted in order to allow the case to be rescheduled for trial. We believe that the trial court's error lay in its failure to appreciate the extent of its discretion under the rule; on that basis, we reverse.

Rule 8.4(a) provides that among the periods to be excluded from the computation of the speedy trial limits are:

"[d]elays occasioned by or on behalf of the defendant, including, but not limited to, delays caused by an examination and hearing to determine competency, the defendant's absence or incompetence, or his inability to be arrested or taken into custody in Arizona."

This rule has been interpreted to include delays resulting from a defendant's pursuit of special action relief. *State v. Smith*, 146 Ariz. 325, 705 P.2d 1376 (App.1985).

■ Furthermore, time excluded as the result of a delay occasioned by a defendant may include a reasonable period after the determination is made. *State v. Brown*, 134 Ariz. 400, 656 P.2d 1261 (App.1982). In *Brown*, when the defendant filed a motion for determination of his competency, eleven days remained before the last day for trial. The trial court excluded a total of 55 days as attributable to the determination of com-

---

**3.** While the motion for remand was pending, defendant obtained a 30-day continuance for reasons unrelated to the remand. Although the

trial court expressed its intention to exclude that period, it did not actually do so. No objection has ever been raised on this ground.

petency: 30 days from the filing of the motion to the determination of competency and 25 more to enable the state to prepare for trial. On appeal, we held that the 25–day exclusion for trial preparation was reasonable and not an abuse of discretion.

In the case before us, defendant filed his petition for special action and we granted his request for a stay at a time when only one day remained between the trial date and the date then identified as the last day for trial. The parties need a reasonable time to accommodate the demands of trial preparation—to meet with the court, to schedule a trial date, to subpoena witnesses, etc. Neither side can be expected to be ready for trial upon a single day's notice. Under these circumstances, when the trial court excluded the 28 days during which the stay was actually in effect, it should also have excluded a reasonable period after the stay was lifted, to enable the state to bring the matter to trial.

The amount of time to be excluded for this purpose will vary from case to case, depending on such factors as the complexity of the case and the amount of time remaining before the last day for trial. Nevertheless, we believe that the limit of the trial court's discretion in this matter must be established by reference to Rule 8.2(d), which provides:

"A trial ordered after a mistrial, upon a motion for a new trial, or upon the reversal of a judgment by an Appellate Court shall commence within 60 days of the entry of the order of the court or service of the mandate of the Appellate Court."

We refer to Rule 8.2(d) only by analogy, to define the limits of the trial court's discretion in excluding time for delay occasioned by the defendant when expiration of the Rule 8 limits is imminent. We do not imply that the rule applies directly or indirectly to entitle the state to 60 additional days for trial preparation.

However, in this case, it will be the requirements of Rule 8.2(d) that will govern the time limits within which defendant must be tried upon remand. The order of dismissal is vacated, and the matter is remanded for further proceedings consistent with this opinion.

FROEB, P.J., and EUBANK, J., concur.