541 P.2d 402

The STATE of Arizona, Appellee,

v.

Kim D. HARRIS, Appellant.

No. 2 CA–CR 607.

Court of Appeals of Arizona, Division 2.

Oct. 20, 1975.

Rehearing Denied Nov. 26, 1975.

Review Denied Dec. 23, 1975.

Bruce E. Babbitt, Atty. Gen., by Jack L. Lansdale, Jr., Asst. Atty. Gen., Tucson, for appellee.

John M. Neis, Pima County Public Defender, by Kenneth J. Peasley, Asst. Public Defender, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant claims the trial court erred in denying his motion to dismiss pursuant to Rule 8, Rules of Criminal Procedure, 17 A.R.S. We think his contention has merit and we reverse.

Appellant had his initial appearance on June 16, 1974. On June 24, the grand jury returned a two-count indictment against appellant, charging him with the unlawful possession of marijuana for sale and the unlawful offer to sell marijuana. Appellant was arraigned on July 2. On August 12, his motion for a new finding of probable cause was granted and the case was returned to the grand jury. On August 21, the grand jury returned a second two-count indictment and appellant was arraigned on August 29. On November 27, the presiding judge of the Pima County Superior Court entered an order stating that the case could not then be tried because of calendar congestion occasioned by extraordinary circumstances.

On December 2, appellant moved to dismiss the indictment claiming he was denied a speedy trial under Rule 8. The motion was denied by Judge Richey. On December 3, another order was entered based on the crowded court calendar. On December 4, after trial by a jury, a mistrial was declared when the jury was unable to reach a verdict. Subsequently, appellant was tried on the same two counts before a jury and was found guilty of unlawful possession of marijuana for sale. He was sentenced to two years' probation.[1] The count of un-

lawful offer to sell marijuana was dismissed upon stipulation of counsel.

■ There are two periods to be excluded from the computation. Under Rule 8.-4(b), the period of August 12 to August 21 is excluded as a delay resulting from a remand for a new probable cause determination under Rules 5.5 or 12.9. Under Rule 8.4(c), the period of November 27 up until the first trial is excluded due to the congestion of the court calendar. With those periods excluded, some 153 days elapsed.

Rule 8.2(c) provides that defendants released from custody shall be tried within 120 days from the date of their initial appearance, or within 90 days from the date of their arraignment, whichever is lesser. Appellant was not tried within the prescribed time limits and therefore his motion to dismiss should have been granted.

■ The state argues that appellant should have realized that his trial date would fall outside the allowed period and should have brought this to the court's attention. However, the burden of proceeding was upon the state and appellant was not required to demand that his trial fall within the allowable period. *Rojas v. Superior Court of Maricopa County*, 100 Ariz. 364, 414 P.2d 740 (1966).

The judgment is reversed and the cause remanded for a determination of whether the dismissal is to be with or without prejudice. *Berger v. Superior Court*, 111 Ariz. 335, 529 P.2d 686 (1974).

HOWARD, C. J., and KRUCKER, J., concur.

---

1. Appellant did not renew his motion to dismiss prior to the second trial and such practice is sanctioned by the rules. Rule 16.1(d) states: "Except for good cause, or as otherwise provided by these rules, an issue previously determined by the court shall not be reconsidered."