Alma Zell Akers **TIGER, Appellant,**

v.

The **ESTATE of R. M. AKERS, also known as Robert M. Akers, Deceased,** Appellee.

**No. 48042.**

Court of Appeals of Oklahoma, Division No. 1.

June 1, 1976.

Released for Publication by Order of Court of Appeals June 24, 1976.

Miskovsky, Sullivan & Miskovsky by Don Cooke, Oklahoma City, for appellant.

C. D. Stinchecum, Oklahoma City, for appellee.

ROMANG, Judge.

In the probate case of the estate of Robert M. Akers, deceased, an "Application for Order to Stay Disposition of Real Property" was filed by Alma Zell Akers Tiger, alleging that she and decedent were married on October 31, 1936 and were divorced on July 12, 1971; and that the divorce court had "partly determined the property rights as" between them. The prayer of said application reads as follows:

"WHEREFORE, Alma Zell Akers Tiger prays that the Court enter an Order staying the disposition of any property until such time as an inventory is filed and an Order is issued determining the extent of the property held in joint tenancy, and further, that an Order be issued determining applicant to be the surviving joint tenant of said property and owner of said property by operation of law."

After oral argument on said application, and after examination of the property settlement agreement and the divorce decree, the trial court rendered its decision in favor of the estate of Robert M. Akers, holding that the property in question was not held in joint tenancy because the Decree of Divorce had terminated the joint tenancy of the parties, and the property involved is a part of the estate of Robert M. Akers, deceased.

Mrs. Tiger has appealed and here presents a single proposition which reads:

"The Decree of Divorce of July 12, 1971, did not change title to the property in and for the reason that it was indefinite and uncertain in its terms and could not be held to convey an interest in any real property due to the fact that there was no description of any property in which an interest was to be given to Robert M. Akers, and therefore did not purport to give notice of a change in title."

The property settlement agreement entered into by Mr. and Mrs. Akers in contemplation of their divorce, described specifically their joint tenancy properties, which Mrs. Akers was to receive and it further reads as follows:

"*All assets and properties acquired by the parties, or either of them, during their marriage, other than those treated with hereinabove shall be and become the sole property of Robert M. (Bob) Akers,* and in this connection, Alma Zell Akers shall execute and deliver any and all instruments necessary or expected to convey title to him." (Emphasis supplied.)

The Decree of Divorce approved the property settlement agreement without change, and incorporated it by reference. It also provided as follows:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Plaintiff receive, *as her share of the property of the parties,* to have and possess as her sole and separate property, *free and clear of any claim or right of the Defendant therein,* and she is hereby given and awarded, *in full and complete settlement, satisfaction and release of all her property rights,* those properties set out in the Property Settlement Agreement marked 'Exhibit A', attached hereto and incorporated by reference, and Plaintiff shall receive no payments of support from Defendant.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendant receive, *as his share of the property of the parties,* to have and possess as his sole and separate property, *free and clear of any claim or right of the Plaintiff herein,* and he is hereby given and awarded, *in full complete settle-*

ment, satisfaction and release of all his property rights, the following:

"Any and all remaining property of any nature, not herein specifically awarded to the Plaintiff, all as set forth in the Property Settlement Agreement,

\* \* \* \* \* \*

"IT IS FURTHER ORDERED by the Court that the parties be, and each of them hereby is required and directed to execute proper deeds of conveyance, assignments, bills of sale, or muniments of title to each other, to effectuate their agreement, as hereinabove more specifically set forth; and

"IT IS FURTHER ORDERED by the Court that, upon the failure of either of said parties to execute such deeds, bills of sale or muniments of title to the other within ten days from the date hereof, this Decree shall operate as such conveyance as herein provided." (Emphasis supplied.)

The property in controversy is that part of the joint tenancy property that was owned by Mr. and Mrs. Akers at the time of their divorce, and not specifically described in the property settlement, but which under the omnibus clause was to go to Mr. Akers.

Mr. Akers executed the instruments directed by the Decree of Divorce, but Mrs. Akers, now Tiger, did not.

In *Waters v. Stevens*, 198 Okl. 162, 176 P.2d 808 (1947), a husband had made an oral property settlement with his wife before the divorce. He carried out his part of the agreement by making proper conveyances to her, but the wife failed to execute conveyances to the husband. After the husband died, his administrator and heir brought an action to compel the wife to make proper conveyances. In the opinion the court said:

". . . All of the property mentioned was acquired by the joint earnings of the two Waters while they were man and wife and title to all the real estate was taken in the name of both of them and likewise title to the certificate of stock. Whether they were joint tenants or tenants in common is immaterial in determining the question as to whether they entered into a contract for the division of the property and the effect of that contract if entered into. The court found that there was a division agreement entered into between the parties affecting the property involved and that the effect of the agreement was to divest the title of the defendant.

\* \* \* \* \* \*

". . . The deceased made proper conveyances to the defendant and having fully performed his part of the agreement the right in equity to compel proper conveyances by the defendant was established."

In *Terrill v. Laney*, 200 Okl. 308, 193 P.2d 296 (1948), a property settlement agreement had been entered into to settle the property rights of the parties in connection with a divorce. A Lot One owned in the name of the husband was not mentioned. In the syllabus, the court held:

"The word 'property' includes real as well as personal property.

"The language used in a contract is to govern its interpretation and, if such language is clearly explicit and does not involve uncertainty, the words used are to be understood in their ordinary and proper sense, and, when the language is plain and unambiguous, extrinsic evidence as to its meaning is not admissible."

And in the opinion is the following:

". . . As a matter of law it must be deemed herein that defendant by the terms of the contract relinquished all her claim to title in Lot One and the building thereon."

The court in *Terrill*, quoted from *Goldsborough v. Hewitt*, 23 Okl. 66, 99 P. 907, 910, as follows:

"'. . . When a wife, after the divorce, seeks to assert any claim to any part of the husband's property homestead

or otherwise, she must establish that right by the decree, or by a valid contract between herself and husband. In the case at bar, the defendant failed to show any such right.'"

In *Williams v. Bowie Lumber Co.,* 214 Là. 750, 38 So.2d 729 (1949), the court said:

". . . [A]s between the parties to the contract and their privies, a sale of real property by an omnibus designation is just as effective and binding as though the lands were specifically described."

In the instant case, the property settlement agreement and the divorce decree operated to divide all of the properties of the parties, including all properties owned by them in joint tenancy, and such instruments further operated to divest the title of Mrs. Akers, now Tiger, in and to all the joint tenancy properties included under the omnibus clause that reads:

"All assets and properties acquired by the parties . . . other than those treated with hereinbefore shall be and become the sole property of Robert M. (Bob) Akers, . . . ."

16 O.S.Supp.1975, Ch. 1, App., Title Examination Standard 16.3 reads:

"Judgments of the District Court awarding real property to either litigant to a divorce action shall be effective to pass title to such real property irrespective of whether the decree of divorce directs the execution and delivery of a deed or other conveyance describing the land affected."

The "comment" which follows is in part:

"In divorce cases the practice of requiring deeds to be executed in connection with awards of real property upon failure to do so, that the decree shall operate as a conveyance, should be continued.

\*   \*   \*   \*   \*   \*

"In the absence of a deed between the parties, the divorce decree may be recorded in the office of the County Clerk of the County where the land is situated."

We conclude that the trial court judgment should be, and it is hereby affirmed.

AFFIRMED.

REYNOLDS, P. J., concurs.