IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

THE STATE OF ARIZONA,          )
                               )        2 CA-CR 2010-0177
                 Appellee,     )        DEPARTMENT B
                               )
        v.                     )        O P I N I O N
                               )
BRIAN S. HUNTER,               )
                               )
                 Appellant.    )
                               )
_____)


APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20093440001

Honorable Clark W. Munger, Judge

AFFIRMED

_____

Thomas C. Horne, Arizona Attorney General
  By Kent E. Cattani and Kathryn A. Damstra                    Tucson
                                                    Attorneys for Appellee


Brian S. Hunter                                                Tucson
                                                    In Propria Persona

_____


V Á S Q U E Z, Presiding Judge.

**¶1**        Appellant Brian Hunter was convicted after a jury trial of two counts of endangerment and one count of criminal damage. The trial court sentenced him to concurrent prison terms, the longer of which was three years. On appeal, Hunter contends he was denied his right to a speedy trial under Rule 8.2, Ariz. R. Crim. P. For the following reasons, we affirm.

### Factual and Procedural Background

**¶2**        We view the facts in the light most favorable to sustaining the jury's verdicts and resolve all reasonable inferences against Hunter. *See State v. Martin*, 225 Ariz. 162, ¶ 2, 235 P.3d 1045, 1046 (App. 2010). In August 2009, two Tucson Police Department bicycle patrol officers stopped Hunter for a traffic violation. Hunter became confrontational when the officers asked for identification and ultimately fled in his vehicle, driving over one of the officer's bicycles in the process. He then drove through a residential neighborhood at approximately sixty miles per hour and collided with a school bus carrying forty-one children.

**¶3**        On September 8, 2009, Hunter was indicted for forty-one counts of aggravated assault of a minor under the age of fifteen years, dangerous crimes against children; one count of aggravated assault; two counts of endangerment; and one count of criminal damage. He was convicted and sentenced as described above.[1] This appeal followed.

---

[1] At the close of the state's case, the court granted Hunter's motion for a judgment of acquittal on all but one of the aggravated assault charges pursuant to Rule 20, Ariz. R. Crim. P., and the jury found him not guilty of the remaining aggravated assault charge.

**Discussion**

**¶4** Hunter argues his right to a speedy trial was violated by the state's failure to bring him to trial within the time limits set forth in Rule 8.2(a)(1), Ariz. R. Crim. P.[2] A defendant must be tried within "150 days from arraignment if the person is held in custody." Ariz. R. Crim. P. 8.2(a)(1). This time is subject to excludable periods, including "[d]elays occasioned by or on behalf of the defendant" and "[d]elays resulting from a remand for new probable cause determination under Rule[] . . . 12.9." Ariz. R. Crim. P. 8.4(a) and (b). We review a trial court's Rule 8 rulings for abuse of discretion. *State v. Spreitz*, 190 Ariz. 129, 136, 945 P.2d 1260, 1267 (1997).

**¶5** Hunter was arraigned on September 17, 2009. On November 13, 2009, he filed a motion to dismiss several of the counts, arguing they were insufficient as a matter of law, and to remand the remaining counts to the grand jury for a redetermination of probable cause. *See* Ariz. R. Crim. P. 16.6 (motion to dismiss) and 12.9 (motion to remand). The parties agree that under Rule 8.4(b), the delay resulting from a remand for a redetermination of probable cause pursuant to Rule 12.9 is excludable time. They disagree, however, as to when the excluded time period began.

**¶6** Relying on this court's holding in *State v. Harris*, 25 Ariz. App. 76, 541 P.2d 402 (App. 1975), Hunter argues the excludable time ran from the date the trial court

---

[2]Hunter's opening brief does not conform to the requirements of Rule 13(a), Ariz. R. Civ. App. P., because it does not include a table of contents, a table of citations, or a statement of the case. He also does not support his arguments with proper citations to the record. *See* Rule 13(a)(6). Although we could reject his arguments on these grounds alone, in our discretion, we address the merits of his claim. *See Ritchie v. Krasner*, 221 Ariz. 288, ¶ 62, 211 P.3d 1272, 1289 (App. 2009).

granted his Rule 12.9 motion until the grand jury returned a second indictment. *Id.* at 77, 541 P.2d at 403. The state, however, urges us to adopt the holding in *State v. Sutton*, 27 Ariz. App. 231, 554 P.2d 1216 (1976). There, Division One of this court held that "appropriately excludable time limits under Rule 8.4(b) run from the date of filing of a [Rule 12.9] motion . . . to the date of arraignment on the resulting information or indictment." *Id.* at 233, 554 P.2d at 1218. We agree with the state's position.

¶7        In the context of other types of Rule 8.4 delays, several cases from our supreme court and this court have concluded the excludable time runs from the date a motion is filed, not the date it is ruled upon. *See State v. Johnson*, 113 Ariz. 506, 510, 557 P.2d 1063, 1067 (1976) (excluded time begins when motion to dismiss filed); *State v. Landrum*, 112 Ariz. 555, 560, 544 P.2d 664, 669 (1976) (excluded time for competency hearing begins on date motion filed); *State v. Brown*, 112 Ariz. 401, 403, 542 P.2d 1100, 1102 (1975) (excluded time begins when special action filed); *State ex rel. Berger v. Superior Court*, 111 Ariz. 335, 337-38, 529 P.2d 686, 688-89 (1974) (excluded time begins when motion for change of judge filed); *State v. Nadler*, 129 Ariz. 19, 22-23, 628 P.2d 56, 59-60 (App. 1981) (same).

¶8        As these cases demonstrate, with the exception of *Harris*, Arizona courts consistently have considered the time from the filing of a defendant's motion as excludable time under Rule 8.4. "The language of Rule 8.4 and existing case law firmly establish that in computing time limits under Rule 8, all delay occasioned by or on behalf of the defendant *must* be excluded." *State v. Soto*, 159 Ariz. 33, 35, 764 P.2d 768, 770 (App. 1988). As *Sutton* recognized, the Rules of Criminal Procedure "contemplate some

4

delay in the consideration of [a] motion [for new determination of probable cause] and in the proceedings . . . [and] have attempted to achieve a balance between the orderly administration of cases in the court system with a defendant's right to speedy trial." 27 Ariz. App. at 233, 553 P.2d at 1218. We agree with this reasoning and therefore overrule *Harris*.[3]

¶9 Hunter contends that, even if *Sutton* controls, excluded time should have begun on December 7 and not November 13 as the trial court found. He argues that because the court granted his motion to proceed pro se on December 7, and his pro se Rule 12.9 motion was filed on that date, the court should have used December 7 as the filing date. We disagree. Because Hunter was represented by counsel on November 13 when counsel filed a Rule 12.9 motion, the court did not err in determining the excluded time period started on that date.[4] *Cf. State v. Adair*, 106 Ariz. 58, 60-61, 479 P.2d 671, 673-74 (1970) ("normally acts of counsel to seek delays on behalf of his client are binding on the defendant").

¶10 And even assuming the trial began outside the Rule 8.2(a)(1) time limits, Hunter has not argued, let alone demonstrated, he was prejudiced by the delay. *See State v. Vasko*, 193 Ariz. 142, ¶ 22, 971 P.2d 189, 194 (App. 1998) (defendant must show

---

[3]In *Harris*, it does not appear that the state argued the excludable time should have begun with the filing of the defendant's motion. Nevertheless, to the extent *Harris* held the excludable time period under Rule 8.4 begins with the trial court's order remanding for a redetermination of probable cause, we disagree with that conclusion.

[4]Hunter also contends the second arraignment was held on December 29, and therefore the excluded time period ended on that date. The record indicates, however, that the second arraignment was postponed and in fact took place on December 30.

prejudice in addition to speedy trial violation). "The specific test for prejudice when a speedy trial violation occurs is whether [the] defendant has shown that his defense has been harmed by the delay." *Id.* And a defendant who fails to establish that his defense was harmed or that he was deprived of a fair trial has not established prejudice sufficient to warrant reversal of his conviction. *Id.* ¶ 31. "In no other area of our criminal jurisprudence would we reverse a criminal conviction on the basis of a harmless, technical error." *Id.* ¶ 21.

**Disposition**

¶11     For the reasons stated above, we affirm Hunter's convictions and sentences.

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge

CONCURRING:

/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge

/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Presiding Judge

6