NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Appellee,*

*v.*

ROLAND DEWAYNE MCDONALD,
*Appellant.*

Nos. 1 CA-CR 12-0761
1 CA-CR 13-0477
*(Consolidated)*
FILED 4-8-2014

Appeal from the Superior Court in Maricopa County
No. CR2011-155142-001
The Honorable Hugh E. Hegyi, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Colby Mills
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Louise Stark
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Lawrence F. Winthrop joined.

**J O N E S**, Judge:

**¶1**    Defendant Roland McDonald appeals his conviction and sentence for aggravated assault causing temporary but substantial disfigurement, a class four felony.  On appeal, he raises three issues:  (1) the trial court erred by instructing the jury on an improper lesser-included offense instruction, for which he was convicted; (2) the trial court failed to accurately award his presentence incarceration credit; and (3) the trial court improperly ordered him to pay the fees for DNA testing.  For the following reasons, we affirm McDonald's conviction and sentence as modified, with the exception that we vacate the portion of the sentencing minute entry requiring him to pay the DNA testing fees.

**FACTS AND PROCEDURAL HISTORY[1]**

**¶2**    In October 2011, McDonald was employed by Peddler's Son Produce (Peddler's) as a produce puller.  On the night of the 22nd, J.M., McDonald's supervisor, approached McDonald about his work performance.  This sparked a verbal altercation that escalated to the point of other employees interjecting and separating the two men.  Once separated, J.M. told McDonald to leave the premises and went to "cool off" in the bathroom; McDonald went to retrieve his personal items from his locker.

**¶3**    Several minutes later, J.M. went outside to check temperatures on Peddler's refrigerated trucks.  By this point, McDonald had grabbed his belongings and headed outside as well.  When McDonald reached the outside area where J.M. was standing, he swung at J.M. and struck him with his right hand.  The contact created a gash on J.M.'s neck

---

[1] We view the facts in the light most favorable to sustaining the jury's verdict and view all reasonable inferences against McDonald.  *State v. Hunter*, 227 Ariz. 542, 543, ¶ 2, 260 P.3d 1107, 1108 (App. 2011).

under his chin, requiring nineteen stitches to close. At trial, several witnesses testified they saw a blade of some sort in McDonald's hand following the attack, but could not say he had the blade in his hand when he hit J.M.

**¶4** McDonald was indicted on one count of aggravated assault with a deadly weapon, a class three felony. *See* Ariz. Rev. Stat. (A.R.S.) § 13-1204(A)(2) (2014).[2] At trial, McDonald's counsel requested that, in addition to the charged count, the jury be instructed on the "lesser-included" offense of aggravated assault resulting in temporary but substantial disfigurement (aggravated assault causing disfigurement). *See* A.R.S. § 13-1204(A)(3).[3] Thereafter, the jury found McDonald not guilty of aggravated assault with a deadly weapon but guilty of aggravated assault causing disfigurement, the "lesser-included" offense specifically requested by McDonald. The trial court sentenced McDonald to the presumptive term of ten years' incarceration. McDonald timely appealed his conviction and sentence.

**¶5** Following his sentencing and the filing of his notice of appeal, McDonald moved to vacate the judgment, pursuant to Arizona Rule of Criminal Procedure 24.2, arguing the aggravated assault causing disfigurement instruction was erroneously given as it was not a proper lesser-included offense, and therefore his conviction violated the United States and Arizona Constitutions. The trial court denied his motion, finding McDonald requested the instruction be given and that the instruction comported with the evidence at trial. McDonald's counsel did not submit a notice of appeal regarding the motion to vacate. Thereafter, McDonald petitioned for leave to file a delayed notice of appeal pursuant to Arizona Rule of Criminal Procedure 32.1(f), which the trial court granted. *See State v. Rosales*, 205 Ariz. 86, 87-88, ¶ 3, 66 P.3d 1263, 1264-65 (App. 2003). McDonald then timely appealed. Upon McDonald's motion, his two appeals were consolidated. We have jurisdiction pursuant A.R.S. §§ 12-120.21(A)(1) (2014), 13-4031 (2014), and -4033(A) (2014).

---

[2] Absent material revisions after the relevant dates, we cite to the current version of the statutes and rules unless otherwise indicated.
[3] The jury was also instructed on simple assault.

**DISCUSSION**

I.      Lesser-Included Offense

¶6      McDonald argues the trial court erred by instructing the jury on aggravated assault causing temporary but substantial disfigurement, for which he was convicted, as it was not a proper "lesser-included" offense of the offense to which he was charged (aggravated assault with a deadly weapon).

¶7      Assuming, without deciding, the complained of instruction was given in error, relief is unavailable to McDonald because he invited such error. *State v. Logan*, 200 Ariz. 564, 565-66, ¶ 9, 30 P.3d 631, 632-33 (2001) ("If an error is invited, we do not consider whether the alleged error is fundamental, for doing so would run counter to the purposes of the invited error doctrine. Instead, as we repeatedly have held, we will not find reversible error when the party complaining of it invited the error."); *State v. Lucero*, 223 Ariz. 129, 135, ¶ 17, 220 P.3d 249, 255 (App. 2009) ("[I]nvited error precludes a party who causes or initiates an error from profiting from the error on appeal. If the error is invited, the offending party has no recourse on appeal even under the exacting standard of fundamental error.") (internal citations omitted). As McDonald specifically requested the trial court provide the jury with the alleged erroneous instruction, he invited any error that may have arisen and "waived his right to challenge the instructions on appeal." *State v. Roque*, 213 Ariz. 193, 225, ¶ 137, 141 P.3d 368, 400 (2006); *see Lucero*, 223 Ariz. at 136, ¶ 20, 220 P.3d at 256 ("[A] party invites an erroneous jury instruction by expressly requesting it.").

II.      Presentence Incarceration Credit

¶8      A defendant is entitled to credit for all time spent in custody pursuant to an alleged offense until the defendant is sentenced to imprisonment for that offense. A.R.S. § 13-712(B) (2014). McDonald was placed in custody on October 25, 2011, and was sentenced on November 16, 2012. He was therefore entitled to 388 days of presentence incarceration credit; however, the trial court awarded him with 387 days. Thus, as the State concedes, McDonald is entitled to one additional day of presentence incarceration credit.

III.      DNA Testing Fees

¶9      Finally, McDonald argues the trial court erred by ordering him to "pay the applicable fee for the cost of [DNA] testing in accordance

with A.R.S. § 13-610." The State concedes A.R.S. § 13-610 (2014) does not authorize the trial court to order convicted persons to pay for the cost of that DNA testing. Accordingly, we vacate that portion of the trial court's sentencing minute entry requiring McDonald to do so. *State v. Reyes*, 232 Ariz. 468, 472, ¶ 14, 307 P.3d 35, 39 (App. 2013).

## CONCLUSION

**¶10**     For the foregoing reasons, we affirm McDonald's conviction and sentence, but modify the sentencing minute entry to reflect 388 days of presentence incarceration credit. Further, we vacate the portion of the sentencing minute entry that directs McDonald to pay the costs of DNA testing.



Ruth A. Willingham · Clerk of the Court
FILED: MJT