NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ERIC CHRISTOPHER SALES, *Appellant.*

No. 1 CA-CR 15-0788
FILED 10-4-2016

Appeal from the Superior Court in Navajo County
No. S0900CR201300865
The Honorable Ralph E. Hatch, Judge

**CONVICTION AFFIRMED; SENTENCING MINUTE ENTRY
AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

The Rigg Law Firm PLLC, Pinetop
By Brett R. Rigg, Shane J. Shumway
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Donn Kessler joined.

---

**H O W E**, Judge:

¶1        Eric Christopher Sales appeals his conviction and sentence for sale of a dangerous drug (methamphetamine). He argues that he was denied his rights to a speedy trial and to counsel. Sales also contends that the trial court erred by denying his motion for change of judge. For the following reasons, we affirm Sales' conviction and sentence, and modify the sentencing minute entry to correct a technical error.

### FACTS AND PROCEDURAL HISTORY

¶2        In December 2013, the State charged Sales with one count of sale of a dangerous drug (methamphetamine), a class 2 felony. At his January 9, 2014, arraignment, the trial court released Sales to pretrial services and appointed counsel. As terms of his pretrial release, the trial court ordered that Sales not be allowed to consume alcohol or go to bars, and that he had to complete drug testing. The trial court also admonished Sales and his mother that, because Sales was represented, they could not, as they had, constantly contact the court's judicial assistant to seek information about the case. Approximately three months later, Sales' counsel withdrew, citing a conflict of interest because Sales had previously filed a complaint against an attorney in counsel's office. The trial court consequently appointed new counsel from the legal defender's office, after which Sales told the court that he was just "trying to get this [speedy trial] going."

¶3        At the subsequent case management conference in April 2014, Sales successfully requested a two-week continuance pending disclosures relating to a plea offer that the State had made. At that rescheduled conference, defense counsel withdrew due to a conflict of interest stemming from his prior representation of a witness in Sales' case. The trial court again appointed new counsel and reset the conference for May 22, 2014.

¶4        At the May 22 conference, Sales informed the court that he had discussed the State's plea offer with the State and wanted the trial court

to set a settlement conference and a *Donald*[1] hearing. The trial court granted Sales' request and scheduled the conference for June 24, 2014. At that conference, Sales indicated that he was adamant about wanting to go to trial, so the court consequently set trial for September 3, 2014. Sales agreed to this trial date. One week before trial was to begin, however, the State moved to continue. Noting that Sales stated that he did not object to the motion, the trial court granted the continuance and subsequently reset trial for November 12, 2014. Sales expressly did not object to this trial date.

¶5        But five days before his trial's start date, Sales moved to dismiss, alleging a violation of his right to a speedy trial pursuant to Arizona Rule of Criminal Procedure 8. Sales argued that his prior counsel continued this matter several times over his objection or without his consent. The trial court denied the motion that same day, though, finding that the delays Sales referred to were occasioned by or on his behalf.

¶6        The following week, for reasons not discernible from the record, the trial court issued an order setting trial for December 3, 2014. Due to a health issue affecting the assigned prosecutor, however, the State moved on November 25, 2014, to continue for at least 30 days. Sales agreed to the continuance, and requested a hearing pursuant to Arizona Rule of Evidence 609 to determine whether a witness who was expected to testify at trial could be impeached with prior convictions. The trial court granted both motions, setting the Rule 609 hearing for January 13, 2015, and trial to begin the day after.

¶7        Sales did not attend the January 13 Rule 609 hearing due to transportation issues, but waived his presence. Defense counsel informed the court that he had a calendar conflict with another case, and after stating that Sales did not object, requested a continuance. Accordingly, the court reset trial to February 18, 2015. But after two subsequent motions to continue by Sales for need of trial preparation and a medical appointment, respectively, the trial court reset trial to April 15, 2015.

¶8        Before that trial date arrived, the State twice successfully requested a continuance due to the birth of the prosecutor's child. Sales did not object to either continuance, so trial was reset to June 24, 2015. Apparently due to calendar conflict, the trial date was once again continued to September 16, 2015. Sales agreed to exclude the intervening time from June 24 until trial for Rule 8 purposes.

---

[1]        *State v. Donald*, 198 Ariz. 406, 10 P.3d 1193 (App. 2000).

¶9            Five days before trial, Sales requested new counsel. Sales informed the trial court that counsel was not "giving me strategy. He don't call me . . . . [W]e ain't even sit down five or ten minutes to even talk about our case." Sales also stated that his counsel often threatened him, telling him, "[Y]ou might as well get your toothbrush . . . because you're going to prison." In response, defense counsel explained that he was unable to communicate with Sales because he did not have a valid telephone number for Sales until Sales provided it on his request to change counsel. Counsel continued that the most severe breakdown in communication between himself and Sales was their disagreement over how the case had been managed and the trial documents' meanings, and stated that it did not "blow [his] skirt up" to represent Sales. Based on Sales' and counsel's statements, the trial court found that Sales did not show good cause for a change of counsel and denied his motion.

¶10           Sales also claimed for the first time that the trial judge was the prosecutor on one of his prior convictions, which Sales asserted "would be a conflict." He did not, however, request a change of trial judge. After reviewing the files in Sales' previous cases, the trial judge discovered that he was the prosecutor who appeared at a 2001 arraignment of Sales' codefendants. A different prosecutor appeared at Sales' arraignment that occurred one week earlier. Based on these findings, the trial judge determined that no basis existed for recusal. During the hearing, the court affirmed with the State and defense counsel that they were prepared to proceed the next day as scheduled. Additionally, the court noted that Sales and his mother continued to contact the court's staff, "constantly asking things that [staff] is not authorized to talk about."

¶11           The matter proceeded to trial, and a jury convicted Sales of the sale of a dangerous drug (methamphetamine). The trial court imposed a mitigated term of eight years' imprisonment, and Sales timely appealed.

## DISCUSSION

### 1. Right to a Speedy Trial

¶12           Sales first argues that the trial court reversibly erred by denying his motion to dismiss because the trial court failed to make findings of extraordinary circumstances to justify the several continuances. We review a trial court's Rule 8 ruling for an abuse of discretion. *State v. Hunter*, 227 Ariz. 542, 543 ¶ 4, 260 P.3d 1107, 1108 (App. 2011). But we review issues not raised in the trial court only for fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567 ¶ 19, 115 P.3d 601, 607 (2005). To obtain

relief under fundamental error review, the defendant has the burden to show that error occurred, the error was fundamental, and that he was prejudiced thereby. *Id.* at 567–68 ¶¶ 20–22, 115 P.3d at 607–08. Error is fundamental if it goes to the foundation of the defendant's case, takes away a right that is essential to his defense, and is of such magnitude that he could not have received a fair trial. *Id.* at 568 ¶ 24, 115 P.3d at 608. A defendant must affirmatively prove prejudice; speculation is insufficient to carry this burden. *State v. Dickinson*, 233 Ariz. 527, 531 ¶ 13, 314 P.3d 1282, 1286 (App. 2013). Because the delays were occasioned by or on Sales' behalf and Sales has failed to establish prejudice, the trial court did not err, much less err fundamentally.

¶13        In Arizona, a defendant must be tried within 180 days from arraignment. Ariz. R. Crim. P. 8.2(a)(2). This time, however, is subject to excludable periods, including delays (1) occasioned by or on behalf of the defendant and (2) resulting from continuances the trial court granted after a finding of extraordinary circumstances or that the continuance is in the indispensable interests of justice. Ariz. R. Crim. P. 8.4(a), (e); *see also* Ariz. R. Crim. P. 8.5. Although the federal and state constitutions also guarantee the right to a speedy trial, neither provide a time limit within which a trial must be held. *See* U.S. Const. amend. VI; Ariz. Const. art. 2, § 24; *see also State v. Henry*, 176 Ariz. 569, 578, 863 P.2d 861, 870 (1993).

¶14        Here, the trial court did not err by denying Sales' motion to dismiss. Based on Sales' January 9, 2014, arraignment date, he should have been tried by July 8, 2014, absent intervening events that exclude time from the computation of the 180-day limit, including continuances based on findings of extraordinary circumstances. The trial court granted both the State's and Sales' motions for continuances throughout the litigation, which were made due to illness, parental leave, need for more trial preparation, and calendar conflicts. Although the trial court did not follow the technical requirements of Rule 8.5(b) by stating on the record that it found these circumstances to be extraordinary, Sales has not shown that the error went to the foundation of his case, affected a right essential to his defense, or denied him a fair trial. Therefore, the court did not fundamentally err. *See State v. Spreitz*, 190 Ariz. 129, 139, 945 P.2d 1260, 1270 (1997) (describing Rule 8 as a procedural right, not a fundamental one, which cannot be "a shield by which the accused may avoid trial and possible punishment by taking advantage of loopholes in the law or arithmetic errors").

¶15        Sales also asserts that he personally objected to the trial continuances. Specifically, he argues his comment about trying to get his speedy trial "going" when the court appointed new counsel in April 2014

constituted an assertion of his right to a speedy trial. But at all times in this case, Sales was represented by counsel. As a represented party, Sales was bound by his counsel's requests for continuances and acquiescence to the State's requests to postpone trial. *See State v. Zuck*, 134 Ariz. 509, 515, 658 P.2d 162, 168 (1982) (noting delays sought by defense counsel bind the client and constitute waiver of right to speedy trial even if done without the defendant's consent). Accordingly, we attribute to Sales his counsel's decisions regarding the continuances.

¶16 Sales also does not persuasively argue that the delayed trial generally prejudiced him in such a manner that requires reversal on Rule 8 or constitutional grounds. *See Henry*, 176 Ariz. at 578–79, 863 P.2d at 870–71 (providing that of the factors considered in determining whether a trial delay warrants reversal on constitutional grounds, the length of the delay is the least important and prejudice to the defendant is the most significant). Sales argues, without citation to authority, that he suffered prejudice because he was subject to the terms and conditions of pretrial services, including abstinence from alcohol and bars, submitting to drug testing, and obeying directives of a pretrial services officer. Sales also complains that he "spent two years of his life . . . facing the uncertainty and anxiety that accompany being accused of a crime." Further, Sales argues, somewhat confusingly, that he was prejudiced because the confidential informant who purchased the methamphetamine from him testified at trial that he could not remember whether he videotaped the purchase and was unable to identify voices "and what is being said" on the audio recording of the purchase.

¶17 We are unaware of authority standing for the proposition that the pretrial services Sales received while on release constitute the type of prejudice warranting reversal for a violation of speedy trial rights. Although we recognize that "uncertainty and anxiety" may be considered prejudicial in the context of a speedy trial violation, *Doggett v. United States*, 505 U.S. 647, 654 (1992), Sales does not specify the uncertainty and anxiety that the delayed trial caused him to suffer. The unsubstantiated uncertainty and anxiety that he may have experienced as a result of the delay are not alone sufficient to warrant dismissal on speedy trial grounds. *See State v. Soto*, 117 Ariz. 345, 348, 572 P.2d 1183, 1186 (1977) (concluding that the defendant's and his family's anxieties are not sufficiently prejudicial to require reversal).

¶18 In any event, the most significant form of prejudice sought to be avoided by requiring speedy trials is the harm to a defendant's ability to put on a defense. *See Spreitz*, 190 Ariz. at 140, 945 P.2d at 1271 (noting that,

6

although five years in custody awaiting trial "may have increased defendant's anxiety quotient," the delay did not prejudice defendant's ability to defend against the charges). Sales' assertions of prejudice do not show that the delays had any deleterious effect on his defense. He does not argue that he was unable to fully investigate his case, could not adequately prepare for trial or locate evidence or witnesses, lost the opportunity to present any evidence or testimony, or otherwise could not present his entire defense as intended. *See State v. Wassenaar*, 215 Ariz. 565, 572 ¶ 20, 161 P.3d 608, 615 (App. 2007). Indeed, delaying the trial arguably benefited Sales, as illustrated by his numerous motions to continue—including those filed after he moved to dismiss on speedy trial grounds—and the confidential informant's inability at trial to remember specifics about the drug transaction. Accordingly, the trial delay did not result in sufficient prejudice warranting dismissal of Sales' case on grounds of a Rule 8 or constitutional violation.

## 2. Request to Change Counsel

¶19 Sales argues the trial court erred in denying his request to change counsel.[2] Sales complains that he should not have been forced to go to trial represented by counsel who "detested" him. We review the trial court's decision to deny a request for new counsel for an abuse of discretion. *State v. Cromwell*, 211 Ariz. 181, 186 ¶ 27, 119 P.3d 448, 453 (2005). We will uphold the trial court's ruling if it is legally correct for any reason. *State v. Perez*, 141 Ariz. 459, 464, 687 P.2d 1214, 1219 (1984). Because Sales has not met his burden of establishing an irreconcilable conflict with his counsel, the trial court did not err.

¶20 A criminal defendant has the right to be represented by competent counsel, but is not entitled to either counsel of his choice or to a meaningful relationship with his attorney. *Cromwell*, 211 Ariz. at 186 ¶ 28, 119 P.3d at 453. Ordinarily, only the presence of an "irreconcilable conflict or a completely fractured relationship" between trial counsel and

---

[2]     In making this argument, Sales refers to a document he attached to his opening brief that apparently indicates that "[Defense c]ounsel and the State had information prior to trial that [Sales] had been deemed 'seriously mentally ill' by the State[.]" The State moved to strike the document because it was not contained in the record. This Court granted the motion, and Sales subsequently requested we take judicial notice of the facts reflected in the attachment. A ruling on the request was deferred to this panel. We decline to take judicial notice.

an accused will require the appointment of new counsel. *Id.* at ¶ 29. To establish a colorable claim, a defendant must allege more than personality conflicts or disagreements with counsel about trial strategy. *Id.* at 187 ¶ 30, 119 P.3d at 454. He must allege sufficient facts to support the belief that an irreconcilable difference exists between them that requires the appointment of new trial counsel in order to avoid the clear prospect of an unfair trial. *Id.*

**¶21**        Considered in conjunction with Sales' complaint about not "[getting] strategy," counsel's explanation of the conflict he and Sales were experiencing demonstrates a difference of opinion regarding the evidentiary value of documents Sales apparently wanted to offer at trial. Moreover, what Sales characterizes as "threats" we construe as counsel's inartful evaluation of Sales' prospects at trial.[3] The disagreement about strategy and counsel's evaluation of Sales' case does not indicate a completely fractured relationship requiring a change in counsel; indeed, the disagreement demonstrates that Sales and counsel were communicating. And whatever lack of communication did exist resulted, at least in part, from Sales' failure to provide counsel with a working telephone number. More importantly, Sales cites nothing in the record that indicates that his relationship with counsel resulted in an unfair trial. In light of Sales' failure to establish an irreconcilable conflict with counsel, the numerous pretrial delays—many at Sales' request—and the timing of the motion to change counsel, the trial court did not abuse its discretion in denying Sales' motion.

### 3. Request for Change of Judge

**¶22**        Sales argues finally that the trial court erred under Arizona Rule of Criminal Procedure 10.1(c) by failing to assign another judge the task of addressing his complaint that the trial judge prosecuted Sales' previous case. Sales also argues that the trial was biased against him as evidenced by (1) the trial judge's instructions to Sales (and his mother) to not personally address the court and (2) the judge's statement that further argument was unnecessary to address Sales' motion to dismiss. Because Sales did not raise these arguments in the trial court, we review for

---

[3]        While we do not condone defense counsel's remarks made in response to Sales' request for change of counsel, the remarks do not themselves amount to a complete breakdown of communication. *See State v. Peralta*, 221 Ariz. 359, 361 ¶ 5, 212 P.3d 51, 53 (stating that the evidence showing a complete breakdown in communication or an irreconcilable difference "must show more than mere animosity causing loss of trust or confidence").

fundamental error. *See Henderson*, 210 Ariz. at 567 ¶ 19, 115 P.3d at 607. The trial court did not err here because Rule 10.1(c) did not apply.

¶23        Within 10 days of discovering grounds for a change of judge based on the judge's purported conflict of interest or prejudice, a party may move for a change of judge, verified by affidavit specifically alleging the grounds for the change. Ariz. R. Crim. P. 10.1(a), (b). "Promptly after the filing of the motion, the presiding judge shall provide for a hearing on the matter before a judge other than the judge challenged." Ariz. R. Crim. P. 10.1(c).

¶24        First, the trial court did not err by not applying Rule 10.1(c) here because Sales did not move for a change of judge. Sales merely informed the trial judge the day before trial that he was the prosecutor in one of Sales' previous cases. Under these circumstances, the trial judge properly investigated this assertion to determine the existence of a possible conflict of interest. Sales does not challenge the trial judge's conclusion that recusal was unnecessary on this basis. Second, the record also fails to support Sales' assertion that the trial judge was biased against Sales. Judicial rulings alone do not support a finding of bias or partiality without a showing of extrajudicial comments or facts. *Stagecoach Trails MHC, L.L.C. v. City of Benson*, 232 Ariz. 562, 568 ¶ 21, 307 P.3d 989, 995 (App. 2013). Even considering the trial judge's comments throughout the proceedings, though, the trial judge did not err by not referring the matter to another judge. The record establishes that Sales and his mother not only attempted to personally address the court, but they contacted the court's staff constantly, seeking information that staff was not authorized to provide. The court's admonishment to Sales and his mother to cease engaging in such behavior and to instead contact the court only through defense counsel does not indicate judicial bias. Similarly, the court's determination that further argument was unnecessary to resolve Sales' motion to dismiss does not indicate bias. Accordingly, because the trial court was not required to seek a different judge for purposes of considering Sales' claim that the trial judge had a conflict of interest, no error, fundamental or otherwise, occurred.

### 4. Amendment of Sentencing Minute Entry

¶25        Based on our independent review of the record, we notice that the sentencing minute entry dated November 3, 2015, incorrectly reflects that the trial court imposed an aggravated sentence. The sentencing transcript reveals that the trial court specifically imposed a mitigated term of eight years' imprisonment, which is consistent with Arizona law that

applies to a first conviction of sale of a dangerous drug (methamphetamine). *See* A.R.S. §§ 13-3407(A)(7), (E). Pursuant to A.R.S. § 13-4036, we amend the sentencing minute entry to reflect that the imposed sentence is mitigated, not aggravated. *See State v. Bowles*, 173 Ariz. 214, 216, 841 P.2d 209, 211 (App. 1992) (providing that when the oral pronouncement of a sentence and the minute entry differ, a remand is unnecessary if the record indicates that the minute entry contains a clerical error).

## CONCLUSION

**¶26**     For the foregoing reasons, we affirm Sales' conviction and affirm the sentencing minute entry as modified.



AMY M. WOOD • Clerk of the Court
FILED:  AA