NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

SEANTAIN LEROY COOK, *Appellant*.

No. 1 CA-CR 24-0329, 1 CA-CR 24-0330 (Consolidated)

FILED 07-24-2025

Appeal from the Superior Court in Maricopa County
No. CR2021-001928-001, CR2021-001949-001
The Honorable Laura Johnson Giaquinto, Judge

**CONVICTIONS AFFIRMED; SENTENCES VACATED; REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

Seantain Leroy Cook, Buckeye
*Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Vice Chief Judge David D. Weinzweig and Judge Cynthia J. Bailey joined.

---

**P E R K I N S**, Judge:

**¶1** Seantain Leroy Cook appeals his aggravated driving under the influence ("DUI") convictions and sentences. We affirm his convictions but vacate his sentences and remand for resentencing because the court improperly imposed a greater-than-presumptive sentence.

## FACTS AND PROCEDURAL BACKGROUND

**¶2** Cook was arrested in Tempe for driving under the influence in January and March 2021. The City of Mesa first charged Cook with misdemeanor DUIs in municipal court but dismissed those charges without prejudice. Then, the State separately charged him in superior court for each of the January and March arrests with class 4 felony DUIs, aggravated for driving with a suspended license—("the January case") and ("the March case").

**¶3** Cook moved to waive his right to counsel and represent himself in both cases. In February 2022, the court granted his motions and assigned him appointed counsel to an advisory role. Cook filed several motions to dismiss for violations of his right to a speedy trial under Rule 8 of the Arizona Rules of Criminal Procedure, which the court denied.

**¶4** On the eve of the trials, Cook opted to revoke his *pro per* status, and appointed counsel represented him in both jury trials. In each trial, the State presented evidence showing that Cook's driver license was suspended at the time of his arrests, that he was personally served with notice of the suspension before his arrests, and that his blood alcohol content was .213 after the January arrest and .134 after the March arrest. Cook unsuccessfully moved for acquittal under Rule 20 in both trials and both juries found him guilty.

**¶5** The court held a joint sentencing hearing on both convictions, at which the State introduced evidence of Cook's four prior felony convictions from between 1999 and 2007. Based on those prior convictions,

2

the court sentenced him as a category three repetitive offender, *see* A.R.S. § 13-703(C), (J), and imposed 12-year concurrent sentences—two years more than the presumptive term. Cook appealed the convictions and sentences, and we have jurisdiction under Article VI, Section 9 of the Arizona Constitution, A.R.S. § 12-120.21(A)(1), 13-4031, and 13-4033(A).

## DISCUSSION

¶6        On appeal, Cook challenges (1) his trial counsel's conduct, (2) the denial of his motions to dismiss for speedy trial violations, (3) the court's "failure to inquire into" his motions to waive counsel, (4) the sufficiency of the evidence, and (5) the use of his prior convictions to enhance and aggravate his sentence. We address each in turn.

### I.        Trial counsel's conduct

¶7        Cook argues it was a conflict of interest for his appointed trial counsel to receive a salary, claiming that counsel "deliberately abandoned plausible alternative defense strategies that [might] have resulted in . . . dismissal with prejudice" to avoid losing "pecuniary gain." But a public defender merely receiving a salary, as required by law, does not create a conflict of interest. A.R.S. § 11–582(B) ("[P]ublic defender[s] shall receive [a] salary.").

### II.        Speedy trial violations

¶8        Cook argues the court abused its discretion by denying his motions to dismiss for violations of his speedy trial rights.

¶9        Defendants imprisoned in Arizona must be tried within 90 days after requesting a final disposition. Ariz. R. Crim. P. 8.3(b)(3). If the court finds a violation of this rule, it "must dismiss the prosecution with or without prejudice." Ariz. R. Crim. P. 8.6. A Rule 8 violation only warrants reversal on appeal if the defendant shows the violation harmed his defense or deprived him of a fair trial. *State v. Hunter*, 227 Ariz. 542, 544, ¶ 10 (App. 2011). "We review a trial court's Rule 8 rulings for abuse of discretion." *Id.* at 543, ¶ 4.

¶10        Cook argues the court violated Rule 8.3(b) by trying him more than 90 days after he requested final disposition in municipal court. He contends he was prejudiced by the delay because it allowed the State to refile the charges as felonies in superior court. But no Rule 8.3(b) violation could arise from the municipal court charges because those charges were dismissed without prejudice—at that point, there was no longer a pending

case against Cook in municipal court that could be brought to trial. Ariz. R. Crim. P. 8.3(b)(3) ("The defendant must be *brought to trial on the charge* no later than 90 days after sending a request for final disposition." (emphasis added)).

¶11 Cook also argues there were Rule 8.3(b) violations because he requested a final disposition of the superior court charges more than 90 days before trial. It is true that the January and March cases went to trial in April 2022—more than 90 days after Cook's October 2021 requests for final disposition. But several months must be excluded from that time computation because the delays were "caused by or on behalf of the defendant." Ariz. R. Crim. P. 8.4(a)(1). The court continued the trial twice: the first at Cook's request, and the second to give Cook time to prepare for trial after he began representing himself. Both continuances were caused by or on behalf of Cook. In any event, Cook has articulated no prejudice that resulted from the delays in trying the superior court charges. His only claimed prejudice—that the municipal court misdemeanors were refiled as felonies in superior court—occurred before any delay in trying the superior court charges. The superior court did not abuse its discretion by denying Cook's motions to dismiss the charges.

### III.      Delay in ruling on Cook's motions to waive counsel

¶12 Cook filed motions to waive his right to counsel and to represent himself in October 2021, December 2021, and January 2022. The court granted his request in February 2022, but Cook argues that while his motions were pending before the court, his appointed counsel "unreasonabl[y] delay[ed] in the assertion of [his] . . . rights demonstrating a lack of due diligence." Cook thus reasons that the court's failure to rule on his motions to waive counsel until February 2022 prejudiced him. Because this is functionally an ineffective assistance of counsel claim, we will not address it on appeal. *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002) ("[I]neffective assistance of counsel claims are to be brought in Rule 32 proceedings. Any such claims improvidently raised in a direct appeal . . . will not be addressed by appellate courts regardless of merit.").

### IV.      Sufficiency of the evidence

¶13 Cook argues the court erred by denying his Rule 20 motions for acquittal because there was insufficient evidence to support either conviction.

¶14 Defendants are entitled to acquittal "if there is no substantial evidence to support a conviction." Ariz. R. Crim. P. 20(a). "Substantial

evidence . . . is such proof that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *State v. West*, 226 Ariz. 559, 562, ¶ 16 (2011) (cleaned up). We "review de novo the sufficiency of evidence to support a conviction . . . resolv[ing] any conflicts in the evidence against the defendant and view[ing] all facts in the light most favorable to supporting the verdict." *State v. Pena*, 235 Ariz. 277, 279, ¶ 5 (2014).

**¶15** To convict a defendant of aggravated DUI under section 28-1383(A)(1), the State must prove the defendant drove under the influence when "the defendant knew or should have known his or her license was suspended, canceled, [or] revoked." *State v. Gomez*, 246 Ariz. 237, 239, ¶ 10 (App. 2019). Cook does not contest that he drove under the influence, instead arguing the evidence did not support that he knew or should have known his license was suspended. In the January case, officers testified they found documentation in Cook's vehicle showing he had a suspended license. In the March case, Cook testified that he was twice informed that his license was suspended. In both cases, an officer testified that he served Cook with a license suspension notice in November 2020, months before either DUI. Because substantial evidence supports that Cook knew or should have known his license was suspended during both DUIs, the court did not err by denying Cook's Rule 20 motions for acquittal.

**¶16** We affirm Cook's convictions.

### V.     Sentence enhancement and aggravation

**¶17** Cook argues the court improperly used his prior convictions to enhance and aggravate his sentences. "We review *de novo* sentencing issues that involve statutory interpretation." *State v. Urquidez*, 213 Ariz. 50, 53, ¶ 11 (App. 2006). Because Cook did not object to the sentence in superior court, we review for fundamental error. *See State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018). "An illegal sentence constitutes fundamental error." *State v. Cox*, 201 Ariz. 464, 468, ¶ 13 (App. 2002).

**¶18** "When the State seeks to use a prior conviction as a sentence enhancer . . . the State must first prove the existence of the prior conviction." *State v. McCann*, 200 Ariz. 27, 31, ¶ 15 (2001). "At that time, the presumption of regularity attaches . . . [but] [i]f the defendant presents some credible evidence to overcome the presumption, the State must fulfill its duty to establish that the prior conviction was constitutionally obtained." *Id.* Here, the State adequately proved the existence of the prior convictions using Arizona Department of Corrections ("ADOC") pen packs. *See State v. Solis*,

236 Ariz. 242, 248, ¶ 21 (App. 2014) (ADOC pen packs—the master records for each prisoner—are sufficient to prove prior convictions). And Cook did not object.

**¶19**     For the first time on appeal, Cook argues the prior convictions were invalid because they were obtained in violation of his rights to counsel, self-representation, and due process. By failing to raise that challenge below, he has lost the opportunity to present credible evidence to overcome the prior convictions' presumption of validity for sentence enhancement. *State v. Anderson*, 160 Ariz. 412, 415 (1989). As a result, he cannot challenge the constitutional validity of those prior convictions on direct appeal. Rather "the proper procedure is . . . post-conviction relief under Rule 32." *Id.* We will next determine whether the court properly enhanced and aggravated the sentences using the valid prior convictions.

### A.     Sentence enhancement

**¶20**     "[A] person shall be sentenced as a category three repetitive offender if the person . . . has two or more historical prior felony convictions." A.R.S. § 13-703(C). A "historical prior felony conviction" includes any prior felony conviction that "[m]andated a term of imprisonment." A.R.S. § 13-105(22)(a)(i). The sentencing evidence showed that Cook's four prior felony convictions had mandatory terms of imprisonment. Because the court properly found Cook had "two or more historical prior felony convictions," it did not err by sentencing him as a category three repetitive offender. *See* A.R.S. § 13-703(C).

### B.     Sentence aggravation

**¶21**     The State concedes that the court erred by imposing greater-than-presumptive sentences and requests that we vacate the sentences and remand for resentencing. For the following reasons, we agree and grant its request.

**¶22**     The court may not impose a sentence greater than the presumptive term unless an aggravating circumstance exists. *See* A.R.S. § 13-701(C); *see also State v. Johnson*, 210 Ariz. 438, 441, ¶ 10 (App. 2006) ("[T]he maximum punishment authorized by a jury verdict alone, without a finding of additional facts, is the presumptive term."). Prior convictions may constitute an aggravating circumstance if "[t]he defendant was previously convicted of a felony within the ten years immediately preceding the date of the offense." A.R.S. § 13-701(C), (D)(11).

¶23 Here, the jury did not find any aggravating circumstances. And none of Cook's prior convictions (between 1999 and 2007) occurred within the ten years immediately preceding the dates of current offenses— both of which occurred in 2021. Thus, the superior court could only impose 10-year presumptive prison sentences. By imposing 12-year sentences without the necessary findings, the court committed fundamental error.

## CONCLUSION

¶24 We affirm Cook's convictions but vacate his sentences and remand for resentencing.

